## AT NISI PRIUS, AT CHAMBERSBURGH, APRIL ASSIZES, 1797.

### CORAM, YEATES AND SMITH, JUSTICES.

CHARLES TORRENCE *against* JOSEPH IRWIN.

Landlord cannot maintain trespass *quare clausum fregit*, after having parted with his entire possesssion to his lessee.

TRESPASS for breaking and entering the plaintiff's close, and cutting down and carrying away certain trees. Pleas, *non cul, et liberum tenementum*. The plaintiff became entitled to certain lands in Peters township, under a conveyance. dated 22d March 1777. In 1788, he leased the same to Joseph Grubb, for two years under certain rents, but the lessee was restricted from cutting green timber. The lease was continued down from that time to the present by successive written agreements, and Grubb was in possession, when the trespass was committed, and still continues in possession.

It was objected, that the landlord could not maintain trespass, not having any possession in fact.

By the court. This species of action is founded on possession, 4 Term Rep. 490 ; and the plaintiff at the time of the commission of the trespass, must either have an actual or constructive possession. 1 Term Rep. 480. Though it has been held, that where the owner of lands contracts with others for the sowing it &c. on the halves, he only can have *clausum fregit*, Cro. El. 144, 1 Leon. 315, Goulds. 77, 3 Leon. 213, 2 Tri. per Pais. 545, yet we know of no case wherein the landlord having leased to another paying rent, and parted with the possession entirely, can support trespass. Vide 3 Lev. 209. 1 Ld. Ray. 739.

Verdict for the defendant.

Messrs. Hamilton and S. Riddle, *pro quer*.
Messrs. Duncan and Watts, *pro def*.

[A new trial was moved for in December term following, but the court refused it *unà voce*.]