## GREBER *v.* KLECKNER.

1. Trespass for an injury to timber during the possession of lessee for years cannot be maintained by the landlord.
2. A landlord cannot maintain trespass for cutting timber as to which his lessee was restricted.—*Aliter*, had it been expressly *reserved* in the lease.
3. An answer to a point stating facts, assumed without evidence, if calculated to mislead the jury, is error.

Error to the Common Pleas of Northampton county.

*March* 17, 18.—The declaration in this action was for a trespass, quare clausum fregit, to a close of plaintiff in Lehigh township; the parties were owners of adjoining tracts, and gave evidence of title to the locus in quo, which question depended on the correctness of the lines of surveys. The pleas were short, " non. cul." and " lib. ten.," on which issues were joined. The plaintiff proved he had never been in possession, but the land was occupied by his tenant. There was no evidence on the record of an agreement, such as is referred to in the plaintiff's points stated before. The plaintiff requested the court to charge, " ' That where a man gives out a farm to a person to work on the shares, giving him a right to cut his firewood, of the old decayed timber in the woodland on the tract, of which the farm-land is part, but restricts him from cutting green or growing timber; the owner of the freehold can maintain trespass against any one entering into such woodland and cutting growing timber."

The court answered, " This point is correct, and if plaintiff's tenant lived on the tract of land, on which the alleged trespass was committed, and for which the plaintiff has shown title on the terms and conditions stated therein; then the plaintiff can maintain this action."

In answer to defendant's points, the court charged, that if the landlord had parted with the entire possession, he could not maintain the action; but that here the tenant was in possession under plaintiff.

" How he was in possession further, than that he was in under the plaintiff, does not appear. It is shown there was a lease. It was the defendant's duty to show that the plaintiff's possession was entirely gone; and as that is not done by them, the plaintiff's possession would follow the title, so as to enable him to maintain this action."

The court also decided that title to an adjoining lot in the same township was not sufficient to bar the action. The defendant sued out a writ of error.

*Ihrie*, for plaintiff in error.—The plea of liberum tenementum,

and evidence of title to land within the same township, is a sufficient defence, unless there be a new assignment, which has not been made here. 1 Roscoe, Ev. 380; 13 Serg. & Rawle, 21, 22; 1 Johns. 511; 2 Yeates, 210; Creswell *v.* Altemus, 7 Watts, 580; 2 Saund. Pl. and Ev. 636; 2 Stark. 1465; Collum *v.* Andrews, 6 Watts, 516. But the judge assumed the possession of the tenant to be restricted, as was stated in the plaintiff's point, and either misled the jury, or left a question of fact to them without evidence, either of which was wrong. Urqhart *v.* Coryell, 5 Watts & Serg. 84; Ott *v.* Long, 6 Watts & Serg. 178; Clintop *v.* Trexell, 4 Watts, 301; Hoshower *v.* Horker, 9 Watts, 455; 3 Penna. 415. So he in effect decided they had shown sufficient possession by saying the burden was on us. Newbold *v.* Wright, 4 Rawle, 195; Work *v.* McClay, 2 Serg. & Rawle, 415.

*J. M. Porter,* contrà.—It is conceded none but one in possession can recover, unless the possession of the tenant be restricted, and then the owner may sue for an infringement of any right thus reserved. Herr *v.* Hough, 2 P. A. Browne, 111; Shunk *v.* Memdorf, Id. 106, in which case, on a second trial, recovery was so had. Adelum *v.* Way, 4 Yeates, 218, is to the same effect. [*Kennedy,* J.—A restriction as to cutting timber is no reservation; it is but what the law implies.] Constructive possession is sufficient for our purpose. Stultz *v.* Dickey, 5 Bin. 285. The cases on the other side are all of money, rents; but a landlord on shares may maintain trespass. Hare *v.* Celey, Cro. Eliz. 143; 1 Leon. 315; Trials per Pais, 445. As to plea, &c., under our system, the court will consider a short plea to stand for what it ought to be, to sustain a verdict where the trial has been on the merits. Now, a new assignment is a replication, and the cause was tried on both sides, as if such had been filed; in fact, the court said it was unnecessary when I offered to file one. Stambauch *v.* Hellenback, 10 Serg. & Rawle, 361; Fisher *v.* Morris, 5 Whart. 358; Collum *v.* Andrews, 6 Watts, 516. [*Rogers,* J.—There would be no difficulty, if the exception had not been taken below.] It is a mere relic of ancient technicality, and should be got rid of in the same manner as multitudes of other such rules have. 6 Bin. 13; 17 Serg. & Rawle, 116; 3 Serg. & Rawle, 564, 577.

*April,* 11. KENNEDY, J.—(After stating the facts of the case, the proposition of plaintiff's counsel, and the answer of the court.) It is not very easy to comprehend the meaning of the proposition, if it can be said to have any meaning at all. From its terms, I think it very clear, that no fixed or definite meaning can be attached to it, and it ought not, therefore, to have been answered as it was by the court, as

it was calculated to mislead the jury. The testimony did not warrant any proposition of the kind, or one more favourable to the plaintiff below, than that, if he had leased the farm, whereon the trespass was committed, for a term of years, in consideration of receiving a certain portion of the products, produced thereon annually by the labour and cultivation of the tenant, even *restricting* the tenant from cutting growing timber thereon, which restriction the testimony did not seem to warrant; could he maintain trespass against a stranger for cutting growing timber thereon during the continuance of the lease? Had this question been propounded to the court, for their answer to the jury, it ought most clearly to have been answered in the negative. For the action of trespass quare clausum fregit is founded upon the possession of the land, and not upon the right of property in it; and hence, the owner can in no case maintain an action of trespass for a trespass committed upon it, whilst it is in the possession of another. As where he has been disseised, he cannot maintain trespass against any stranger for a trespass committed after the disseisin, without a re-entry; for he had not the possession at the time, it being in the disseisor, 2 Roll. Abr. 554, pl. 5. But one in the actual possession of land, however defeasible his title may be, may maintain an action of trespass for a trespass committed by any other than the party, who has the right of entry. As a lessee for years, 2 Roll. Abr. 551, pl. 6. So may a tenant at will, if the trespass be committed by a stranger, Id. pl. 3, 4; Geary *v.* Bancroft, 1 Sid. 347; or even a tenant at sufferance, Fitz. Abr. Trespass, pl. 10; 2 Roll. Abr. 551, pl. 1. In the case of a tenancy at will, the possession may be considered as in either the lessor or the lessee; and, therefore, either or both may have actions of trespass vi et armis, against a stranger for cutting timber, or prostrating houses, and recover damages according to their several losses. Co. Litt. 57 a, note (2). But the landlord of a tenant for years cannot maintain trespass against a stranger, though the act done be injurious to the reversion; his only remedy in such case is an action on the case. Bedingfield *v.* Onslow, 3 Lev. 209; Torrence *v.* Irwin, 2 Yeates, 210; 1 Arch. Nisi Prius, 302. But, if in a lease for years, there be a reservation of the trees, the lessor may maintain trespass against any person who cuts them or injures them; for, by the reservation of the trees, the land in which they grew was reserved also; and the lessor in possession of it in fact at the time of the trespass, Bro. *Trespass*, pl. 55; and see Goodwright *v.* Vivian, 8 East, 190; 1 Archb. N. P. 302. See also Glenham *v.* Hanley, 1 Lord Raym. 739. But a mere *restriction* imposed upon the tenant, not to cut timber, will give the landlord no right to maintain trespass if it be

cut by a stranger, because the tenant is considered in possession of the land where it grows, as it is embraced in his lease. Torrence *v.* Irwin, 2 Yeates, 210. A *restriction* is very different from a *reservation* or *exception.* The first is introduced to qualify the occupation of the tenant, and the use that he shall make of the woodland, which is ex- cluded in his lease; but the latter is introduced for the purpose of showing that the parties did not intend that the woodland should be included in the lease, or that the tenant should have any possession of it whatever. It was at one time a practice, not unfrequent in this state, for the owners of lands or farms, in the possession thereof and living upon the farm, to make an agreement with a person to cultivate and sow their land, or some portion thereof, with corn or grain of some sort, on condition of the latter having a certain portion of the grain grown thereon; the latter cannot maintain trespass, nor can he even join with the owner and occupier of the land in an action of trespass quare clausum fregit, for an injury done to the crop, as it would seem, for he was not in the possession of the land. See Hare *v.* Celey, Cro. Eliz. 143; S. C. Gouldsb. 77. But in the case before us, the tenant, notwithstanding his rent was a certain portion of the grain raised and grown by him annually upon the land, yet he was in the entire and exclusive actual possession of the whole, without any reservation or exception that we hear of; that he had been so for five or six years, embracing both the time before and after the commission of the tres- pass complained of. That the tenant held the land under a rent, con- sisting of a certain portion of the grain, &c., to be grown by him there- on, and to be delivered to the plaintiff annually, cannot render his situation in any respect different, or give the plaintiff a right that he would not have had, if the rent had consisted of money to be paid. Sir Edward Coke, 1 Inst. 142 a, says, " Rent may be in the delivery of hens, capons, roses, spurries, bowes, shafts, horses, hawks, pepper, comine, *wheat* or other *profit that lieth in render,* &c., as well as in the *payment of money."* It is sufficient that it be certain or capable of being reduced to a certainty. Id. And indeed some have said that *rent* is derived from *reddere,* because it is reserved out of the profits of the land, and therefore is not properly due till the lessee or tenant take the profits; for *reddendo inde,* or *solvendo,* or *reservando inde,* or the like, is as much as to say, that the tenant or lessee shall pay so much out of the profits of the lands; for *reddere nihil aliud est quam acceptum aut aliquam partem ejusdem restituere. Seu reddere est quasi retro dare,* and hereof commeth *redditus* for a rent." We are satis- fied that the court erred, in submitting the cause to the jury on a pro- position or point which was not raised or supported by the evidence;

and that this judgment must, therefore, be reversed. As the cause must go back for another trial, if a new assignment should be deemed requisite, on the part of the plaintiff, it can be supplied by an amendment made to that effect.

Judgment is reversed, and a venire de novo awarded.