*Twenty-first Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

---

## MARTIN DORMER v. JOHN HANDWICK.

A justice of the peace has no jurisdiction of an action for damages for a loss deducible from the existence of a contract. (Zell v. Arnold, 2 Pa. Rep. 292.)

Opinion delivered 2 June, 1873, by

WALKER, J. The records show that this suit was instituted on 16 July, 1872, before a justice of the peace, to recover damages for the neglect and refusal of the defendant to furnish the plaintiff below with a lease upon a small drift or colliery, which Dormer, had previously sold to Handwick. Judgment was given by the justice for $99.99 for Handwick, and the proceedings are removed into this court by certiorari. *Want of jurisdiction is assigned as the only error.* The jurisdiction of a justice of the peace in civil causes, under the first section of the act of 1810, is confined to *contracts* expressed or implied, and must appear upon the face of the record. Clark v. Lehigh V. R. R. Co., 1 Suz. Law Reg. 90 ; McCabe v. Kulp, 28 Leg. Int. 260 ; Paine v. Gadshall, 29 Leg. Int. 12.

The damages are consequential, and as the record shows sounding in *tort*, and consequently are not within the jurisdiction of the justice. The case of Shannon v. Madden, 1 Phila. 254, relied upon, was for unliquidated damages, not damages for a tort, deducible from the existence of a contract. Zell v. Arnold, 2 Pa. 292. The judgment is therefore reversed.

B. B. McCool, Esq., for plaintiff in error, cited Henegas v. McGill, 1 Ash. 152 ; Lacock v. White, 7 Harris 495 , Offerman v. Downey, 2 Whar. Dig. 134, sec. 278 ; Ingraham v. Seckler, Leg. Chronicle 151 ; Seitzinger v. Sternberger, 2 Jones 379.

Mr. Henning, contra, cited Shannon v. Madden, 1 Phila. 254 ; Dailey v. Bartholomew, 1 Ash. 135 ; Brookfield v. Hill, 1 Phila. 439 ; see 7 Watts 543.