## PHILA. ETC. R. CO. v. MARY A. ALVORD.

ERROR TO THE COURT OF COMMON PLEAS OF CHESTER COUNTY.

Argued February 11, 1889—Decided October 7, 1889.

1. Where, in an action against a railroad company to recover damages for personal injuries, the plaintiff's testimony, though uncorroborated and flatly contradicted, described as the cause of her injuries the conduct of a brakeman which was in violation of his duty and negligent, the case presented was to be submitted to the jury.

Charge of Court below.

2. The plaintiff testified that as she was about to ascend the steps of the car, the brakeman sprang upon the steps in front of her, and the start he gave her caused her to fall. In such case, it was error to submit to the jury, as a fact in evidence, that the plaintiff testified that she was pushed or jostled by the brakeman.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 186 July Term 1887, Sup. Ct.; court below, No. 51 October Term 1886, C. P.

On September 22, 1886, a summons issued in an action by Mary A. Alvord against the Philadelphia, Wilmington & Baltimore Railroad Company, to recover damages for personal injuries received, charged to the alleged negligence of the defendant company. Plea, not guilty.

At the trial on February 23, 1887, the only testimony as to the cause of the accident was that of the plaintiff herself and that of John Keely, one of defendant's brakemen, and sufficiently appears in the opinion of the Supreme Court.

At the close of the testimony, the court, FUTHEY, P. J., charged the jury in part as follows:

I have now shown you the distinction between the cases when negligence will be presumed and when it must be proved. And I say to you that this accident, having happened in ascending the steps of the car from the platform of a station, it is the duty of the plaintiff to show that it happened through the negligence of the company. You will see, therefore, that the question which first presents itself here is as to how this accident happened, whether the railroad company was in fault, whether there was negligence upon their part which caused this accident. If it appears to the satisfaction of the jury, bearing in mind that the burden of proving it is upon the plaintiff, that there was such negligence on the part of the company, the plaintiff is entitled to recover. But if the jury are not satisfied upon this point, and find that the accident was not caused by the conduct of the employee of the railroad, the plaintiff has no case. It does not follow that because a person is injured somebody must pay for it. There are accidents happening every day to persons, where there is no one who

can be asked to respond in damages, and where the person injured must suffer the effects of such injury, without recourse to others.

[You will therefore consider the question, which lies at the outset of the case, as to how this accident happened. Miss Alvord says that she was passing from the stairs which led down to the platform; that she walked across this platform to the car which was the rear car in the train, and was about stepping on to the steps of the car; that the brakeman was there, and that just at that instant of time when she was about getting a foothold upon the steps of the car, he brushed past her, hastily preceding her up the steps of the car, and that he pushed or jostled her so that she lost her foothold, her foot slipped or did not obtain a firm footing upon the step, and that she thus slipped down between the car and the platform and was injured as she describes; and she attributes this to the conduct of the brakeman in thus passing between her and the step, so that it prevented her from obtaining the foothold which she would otherwise have obtained.] [1] She says in substance:

\* \* \* \* \* \* \* \*

The point to which I wish to call your attention in her testimony is as to the manner in which she says the accident occurred: that the brakeman's passing rapidly in between her and the step, caused her to lose her foothold, whereby the accident resulted. [Now, if the brakeman did thus interfere with her getting her foothold upon the step, and, if in consequence of his passing in in this way she failed to get a foothold which she would otherwise have obtained, and if the accident resulted from his thus passing in before her, then that would be negligence upon the part of the employee of the railroad for which the railroad would be responsible; and the plaintiff would be entitled to recover.] [2]

On the other hand, the brakeman is called, and he gives you his version of the matter. He says:

\* \* \* \* \* \* \* \*

You will observe that the brakeman gives a different account of how the accident happened from that given by the plaintiff. The brakeman says that he was standing on the side of the car step, which would be east of the step, as the train was heading

westward, to the right of the plaintiff as she was ascending the steps; that he was facing her as she came towards the steps of the car, and that in passing up the steps, in some way her foot slipped, or she did not get a foothold, or made a misstep; and that he then passed up the step of the other car, on the left hand side of the car, to assist her. And he alleges that the accident happened in consequence of that misstep, and without any action whatever on his part. Now, if that is the way this accident happened, the railroad company would not be at fault. If she came down and took hold of the rail in the usual way to enter the car, and then went to step on to the steps, and the brakeman did nothing to impede her passage, of course the railroad company would not be at fault in the matter. If that is the way this accident happened, then the plaintiff cannot recover. However much we may regret the accident, however much the plaintiff may have suffered, if the fault was not the fault of the railroad company, it is one of those inevitable accidents which will occur and do occur where there is no responsibility.

This is the question of fact which is for your determination in this case.

\* \* \* \* \* \* \* \*

The plaintiff requests the court to charge:

4. It is the duty of the railroad company to allow the plaintiff access to its train free from any danger of its being suddenly started before she was safely upon it; and if the jury find that by reason of the conduct of the brakeman she was pushed or jostled, and thus prevented from getting a sure footing, and that thereby the injury happened, she is entitled to recover.

Answer: If the jury find the facts stated in this point, that by reason of the conduct of the brakeman she was pushed or jostled, and prevented from getting a sure foothold, and thereby the injury happened, she is entitled to recover.[3]

The defendant requests the court to charge:

1. There is no such evidence of negligence upon the part of the defendant in this case as ought reasonably to satisfy the jury thereof; and upon the whole of the testimony in the case, the verdict of the jury should be for the defendant.

Answer: Refused.[4]

2. There is no evidence in this case that would justify the

jury in finding that the defendant was guilty of negligence, and their verdict must be for the defendant.

Answer: Refused.[5]

3. The verdict of the jury in this case must be for the defendant.

Answer: Refused.[6]

The jury returned a verdict in favor of the plaintiff for $10,000. A rule for a new trial having been discharged, judgment was entered, when the defendant company took this writ, assigning as error:

1, 2. The parts of the charge embraced in [ ][1][2]

3. The answer to plaintiff's point.[3]

4–6. The answer to defendant's points.[4 to 6]

*Mr. John J. Pinkerton,* for plaintiff in error.

*Mr. William T. Barber* and *Mr. V. Gilpin Robinson,* for the defendant in error.

OPINION, MR. JUSTICE MCCOLLUM:

The defendant's points were properly denied. The testimony of the plaintiff described conduct of the brakeman which was in violation of his duty and negligent, and which it was alleged caused the injury complained of. While her statement was uncorroborated, and was flatly contradicted, it presented a case for the jury. It was undisputed, that in attempting to pass from the platform of the station into the car, she fell between the steps of the car and the platform.

We quote her version of the occurrence: "I was accustomed to get on the last car, on the front of it always. . . . . As I looked forward I saw the brakeman, distinctly, with his face turned toward me, and his manner indicated that he was waiting and expecting me to get on the train, as usual, when I should reach it; I reached the car, and as I was about to step on, I went to step on the step, he dashed in with a spring between me and the step, on to a higher step, which prevented me from taking my step securely, my getting a foothold; and the start he gave me, and the unexpected thing caused me to take too short a step, and I went down simply on my toes, and

Opinion of the Court.

prevented as I said before, my getting my step—his jumping in between prevented me from getting my step, which would not have happened if he had not been there. I slipped down at once of course . . . . . and I was wedged in."

John Keely, the brakeman, testified on this point as follows: "I was standing at my post of duty, at the rear car, on the platform of the station, by the body of the car, a little to the rear of the front step. I saw this lady approaching down the platform, and waited on her. She being a regular rider, I had some idea that her intention was to come down and get in that car for West Chester, as it was a West Chester car. She came down and in attempting to get on she stepped on the step, and apparently made a short step, or stepped on her dress, I could not tell which, as I was right in the rear, or a little to one side of her, and the result was she slipped and fell on the step. I assisted her to her feet, and then as she was passing up the steps I came in the rear, back of her, up the steps, reached in front and opened the door for her. She passed in and was seated when the train started."

These extracts present the claims and evidence of the contending parties, respecting the cause and manner of the plaintiff's fall.

The statement of the learned judge in his charge to the jury, that the plaintiff testified that she was pushed or jostled by the brakeman, was unauthorized by her evidence, and was misleading. These words in their connection implied that the plaintiff was forcibly prevented from securing a foothold and ascending the steps of the car in safety. There was nothing in the evidence from which such an inference could be drawn. The plaintiff did not state, or hint even, that the brakeman ran against or pushed her. But the plaintiff's fourth point and the answer to it, coupled with the misstatement referred to, allowed the jury to find a fact of which there was no evidence, and to rest a verdict upon it. This certainly was error, and because of it the judgment must be reversed: Greber v. Kleckner, 2 Pa. 289; Musselman v. Railroad Co., 2 W. N. 105.

> Judgment reversed, and venire facias de novo awarded.