## Jaffray & Co., Appellants, *v.* Frothingham.

*Charge of the court—Misstatement of evidence—Immaterial error.*

In the hurry of trial the most careful judge is liable to make a slip or unintentional error in instructing the jury.   His attention should be called to the matter at the time in order that it may be promptly corrected. When such error has not prejudiced the unsuccessful party, the Supreme Court will not reverse on this account.

Argued Feb. 24, 1892.   Appeal, No. 198, Jan. T., 1892, by plaintiffs, E. S. Jaffray & Co., from judgment of C. P. Lackawanna Co., Feb. T., 1879, No 900, on verdict for defendant, Arthur Frothingham.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit on promissory notes.

The facts appear by the charge of the court below, which was as follows :

" This is a suit brought by E. S. Jaffray & Company against Arthur Frothingham, the defendant in this case, upon two

promissory notes, one dated August 4, 1873, for the sum of five hundred dollars; the other is a note bearing the same date, payable two years after date. The first note is payable eighteen months after date; and the next, two years after date for two hundred and fifty dollars.

" The plaintiffs rest their claim entirely upon these notes and the signature of Arthur Frothingham thereto attached, which is not denied. The evidence is that the notes were given to some firm in Buffalo, and the consideration of them was the purchase of a patent right. [When a person purchases a patent right, and gives a note for it, there is an act of assembly in this state that says it must be clearly written across the face of that note that it is for a patent right, and in the absence of it it is void.] [1] [It seems that after these notes became due they were given by the persons who held them to the present plaintiff in the case, Jaffray & Company.] [2] [It is true, as argued by counsel for the defence, that there is a good deal of suspicion as to whether these notes came bona fide into the possession of the plaintiffs, because the treatment of the notes has not been anything like a businesslike transaction, allowing them to remain unsued for the number of years that they did, and not to force the suit to judgment for twelve years. This suit was started in this court twelve years ago, and to-day is the first time I know of its coming up for trial. This has a strong suspicion that these notes may not have come into the possession of Jaffray & Company in good faith.] [3] Now they must have gotten into their hands in good faith before there can be a recovery on their part. If there is anything in the evidence to show now that Jaffray & Company knew that these notes were given for a patent right, and they entered into this matter with the persons who hold the notes for the purpose of collecting them, why it would show a fraud, bad faith on their part, and they could not recover. If there is anything in the evidence that they received these notes fraudulently, or for the purpose of collecting them when they knew the other parties could not, we say to you they could not and should not recover; if the evidence shows you the notes came into the possession of Jaffray & Company in good faith and before maturity, that is before they were due, if they paid the full consideration of them, and there is not any evidence except

the meagre evidence of Mr. Hurley on this point in a conversation he had with Mr. Jaffray, the head of the firm of Jaffray & Company, then the plaintiff may recover, and if you find there is not any bad faith, your verdict should be for the plaintiff. As I stated before, no matter how negligent they may have been in prosecuting this case to judgment, yet if they came honestly by the notes, and obtained them in the regular ordinary manner of business, I repeat, no matter how tardy they have been in suing, that could not debar them from recovery. If you find for the defendant, you will simply say we find for the defendant. If you find for the plaintiff so much, the amount they are entitled to recover, if at all, is five hundred dollars, with interest from the 4th of August, 1873, up to the present time, and for two hundred and fifty dollars, with interest from the same date up to the present time."

Verdict for defendant and judgment thereon. Plaintiffs appealed.

*Errors assigned* were (1–3) the portions of the charge in brackets, quoting them; (4) the admission of certain testimony.

*J. M. C. Ranck*, for appellant.

*James H. Torrey*, for appellee.

Per Curiam, March 28, 1892:

The second specification alleges that the court erred in instructing the jury that: "It seems that, after these notes became due, they were given by the persons who held them to the present plaintiffs in this case, Jaffray & Co." It was contended by the appellants that there was no evidence to sustain this ruling. It may be conceded that there was no evidence to show that the plaintiffs did not receive the notes until after their maturity. That this was a mere slip, or unintentional error, on the part of the judge, is apparent from an examination of his charge. If it had been called to his attention at the time, it would have been promptly corrected. The most careful judge is liable, at times, in the hurry of trial, to make such a mistake as this, and, in such cases, it is only fair that his attention should be called to it below, in order that he may correct it. In the present instance, we do not think it necessary to reverse the judgment for this reason, because, in our opinion, it could have done the plaintiffs no harm. There was sufficient

evidence before the jury, with the surrounding circumstances of the case, to throw discredit upon the notes, and require the plaintiffs to show that they were taken before maturity, and for value.   This was not done.

Judgment affirmed.