## James T. Taylor *v.* John A. Burrell, Garnishee, Appellant.

*Practice, Superior Court—Appeals—Charge—Trivial error in stating facts—Duty of counsel to call attention thereto.*

Where a judge, dealing in his charge with voluminous facts, in the hurry of a trial makes a slip, it is the duty of counsel to call his attention to it and then give him an opportunity to rectify it. When this is not done, and the point is raised for the first time in the appellate court, the error must be serious to induce that court to reverse, especially when all the facts had been left to the jury with a caution to remember them.

There is no general unbending rule which requires counsel to interrupt the court to correct every misstatement of law or fact which they may conceive is being made, and such duty will not be imposed in the case of an inadequate or one-sided charge, nor in the case of the misstatement of a pivotal fact, but there are cases, like the case at bar, when it may fairly be said to be the duty of counsel to call the attention of the court to an evident misstatement of fact, if such misstatement is to be relied on as error.

*Charge of court—General review of evidence.*

It is enough if the trial judge gives to the jury a general review of the evidence on the one side and the other, which fairly and adequately presents the course of the respective contention of the parties with enough reference to the items of evidence, to assist the jury in recalling it as a substantial whole, and to appreciate its bearings.

Argued Feb. 17, 1898. Appeal, No. 28, Feb. T., 1898, by garnishee, from judgment of C. P. Clinton Co., Jan. T., 1896, No. 25 on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

462   TAYLOR *v.* BURRELL.

Statement of Facts—Opinion of the Court. [7 Pa. Superior Ct.

Attachment execution. Before MAYER, P. J.

It appears from the record and evidence that Burrell recovered judgment against Taylor on a promissory note on which Burrell was indorsee of Jacob Ricker the payee. Taylor made payment on the judgment and immediately issued an attachment execution against Ricker attaching Burrell. The contention on the trial being as to whether Burrell the garnishee in the attachment had or had not purchased the note from Ricker, or whether it still belonged to him, and the money paid by Taylor was actually due and payable by Burrell, the legal plaintiff on the note, to Ricker.

Verdict and judgment for the plaintiff for $225. Defendant appealed.

*Errors assigned* were to the charge of the court in the statement of and reference to and comment on the evidence, averring a misstatement of dates and a course of comment calculated to mislead the jury; in effect submitting the case to the jury upon an adequate and misleading statement of the evidence. All of the assignments are considered in the opinion of the court seriatim and in detail.

*C. G. Furst*, with *S. D. Furst*, for appellant.—If there is. a material misdirection in the charge of the court, it is sufficient ground for reversal though no instructions were asked: Garrett v. Gonter, 42 Pa. 143.

It is error where a trial judge submits the case to the jury upon an inadequate and misleading statement of the evidence of the contending parties : Peirson v. Duncan, 162 Pa. 187 ; Railroad Co. v. Alvord, 128 Pa. 42; Com. v. Swayne, 1 Pa. Superior Ct. 547; Reichenbach v. Ruddach, 127 Pa. 564, 595.

*Henry T. Harvey*, for appellee.

OPINION BY RICE, P. J., July 29, 1898:

1. The mistake of the court in stating the dates when suit was brought and judgment entered on the Taylor note, undoubtedly would have been called to the judge's attention at the time, if the counsel had deemed it of any importance. But, evidently, it was of no importance whatever, for the appellant's counsel, while now insisting that it was injurious to his

client, has failed to show in what manner, and we have been unable to discover that it could have injured him in any way.

2. The second assignment is based on a misconstruction of the judge's remark, that Mr. McCormick gave a receipt for the $100 "to the plaintiff in this judgment." The plain meaning was, that the receipt was given, not to the appellant, as his counsel construes the remark, but to the man who paid the money, namely, Taylor, the plaintiff in the judgment upon which the attachment issued, and. we are bound to credit the jury with having had sufficient intelligence to give a sensible and not an absurd interpretation to the remark. The purpose of the instructions, of which this was a part, was to recall to the jury's attention the evidence as to the payments made by Taylor, and the persons to whom they were made, and thus to show the amount that came into Burrell's hands. In stating that $300 were paid to him, and $100 to McCormick, who paid over the latter sum to Ricker, the learned judge was strictly accurate. If there was any inaccuracy in stating that Mr. McCormick gave a receipt "to the plaintiff in this judgment" (Taylor) it was harmless error, for upon the question of the amount of money that was in Burrell's hands it was of no consequence whether he gave a receipt for the $100 or not.

3. As to the allegation that Burrell paid $40.00 for the order of April 24, 1892, there was the oath of Burrell against that of Ricker. To the extent that the paper itself would throw light on the transaction, and aid the jury in deciding the conflict, they were entitled to consider it. The interpretation which the learned judge put upon the paper, standing alone, was fair and reasonable; and that he had a right to give the jury the benefit of his judgment, provided he did not give a binding direction, but fairly submitted the question to them to be decided upon all the evidence, is too well settled to admit of argument, or require the citation of authority.

4. The complaint, that the court, in referring to the testimony of John Lose, weakened, misstated and distorted it, is unwarranted. The court referred to this testimony in such a way as to show that it was corroborative of the defendant's allegation as to the consummation of the purchase of the Taylor note, which he had fairly and clearly stated immediately before. The substance of Ricker's declaration—that part which

fully and unequivocally conveyed the idea that Ricker had nc further claim on Burrell in respect of the Taylor note—was stated in the exact language of the witness. The omission, by the judge, of the words "the money is yours," which were, in effect, but a mere repetition of what had gone before, detracted nothing whatever from the force of the testimony.

5. Taken by themselves, the instructions complained of in the fifth and sixth assignments might convey the erroneous impression that the $105 note was given to Ricker after the $300 payment to Burrell, heretofore referred to, had been made. This was inaccurate, but we are not convinced that it could have misled the jury to the appellant's injury. Indeed, if we assume that the jury forgot the testimony, and were guided solely by the single remark complained of in the sixth assignment, they would have been more likely to draw an inference in favor of Burrell's contention than against it. But we have no right to assume that the jury forgot the undisputed fact that the $300 had not been paid at the time referred to. In other parts of his charge the judge had correctly stated the dates of the giving of the $105 note, and of the $300 payment, and had adequately and fairly presented the conflicting contentions of the parties as to the purpose for which said note was given. The fact was not one upon which the case turned, nor was it decisive of the particular question under discussion, and the judge suggested no inference, unfavorable to the defendant, to be drawn from it. It was evidently one of those slips which the judge would have corrected at once if the counsel had called his attention to it. "It is only fair," said Chief Justice PAXSON, "to a judge who is dealing with voluminous facts, and in the hurry of a trial makes a slip, to call his attention to it, and thus give him an opportunity to rectify it. When this is not done, and the point is raised for the first time here, the error would have to be serious to induce us to reverse, especially when all the facts had been left to the jury, with a caution to remember them:" Knapp v. Griffin, 140 Pa. 604. So in Yerkes v. Wilson, 81* Pa. 9, Chief Justice THOMPSON, said: "We do not suppose that in practice any judge, referring to testimony in a general way, and then leaving it all for the free action of the jury, is ever to be regarded as undertaking to be strictly accurate in details, as he is expected to be

when he gives binding instructions on the testimony . . . .
If an error be committed in this sort of reference by the judge
counsel ought to call his attention to it, and if after that it is
persisted in, then there arises a good reason for an exception."
See also Krepps v. Carlisle, 157 Pa. 358.   We do not assert
that there is any general unbending rule which requires coun-
sel to interrupt the court to correct every misstatement of law
or fact that they may conceive is being made.   The establish-
ment of such a general practice would not be desirable.   We
would not apply such a rule to an inadequate or one-sided
charge, as in Larzelere v. Tiel, 3 Pa. Superior Ct. 109, and per-
haps it ought not to be applied to a misstatement of a pivotal
fact, as in Phila. R. Co. v. Alvord, 128 Pa. 42, or Steinbrun-
ner v. Ry. Co., 146 Pa. 504.   But there are occasions when it
may fairly be said to be the duty of counsel to call the court's
attention to an evident mistake in the statement of a date, or
of the order of events, and we think this was such a case.

6. In referring to the testimony of Mr. McCormick, the
learned judge undertook to state the substance of it without
quoting the exact language of the witness, and as we construe
the comments, the general effect of the testimony was fairly
presented.   On the other hand, in referring to the testimony of
Alexander Zessinger, the judge quoted from the stenographer's
notes all that the jury were called upon to consider.   The
witnesses' inference that Ricker had sold the Taylor note to
Burrell, when he expressly said that he did not know, and
could not remember that Ricker told him, that he had sold it,
was not such a qualification or explanation of the testimony
quoted by the judge as the defendant was entitled to have put
before the jury, as having any weight.   If the defendant has
any cause of complaint, growing out of the instructions com-
plained of in the ninth assignment, it is against his witness
who gave the damaging testimony, and not the trial judge who
recited it to the jury.

7. In view of the fact that each of the three sons of Ricker
testified to conversations with the defendant, and that they
were to the same effect, the worst accusation that can be
brought against the excerpt from the charge embraced in the
eighth assignment is that it was verbally inaccurate to say
that they testified to _a_ conversation with the defendant.   But

the jury, having heard the witnesses, must have understood the language of the judge in its true sense, and this assignment needs no further discussion.

We have now passed upon all the assignments in detail, but whether they be considered singly or together we find no reversible error in the charge. The language of Mr. Justice MITCHELL is quite as pertinent here as it was in the case from which we quote: "It is complained that here and there items that bore in favor of the prisoner were not especially mentioned. It is probable that the commonwealth might make the same complaint. It is not possible nor even desirable that the judge should refer to and emphasize every item of evidence on both sides in a way that the counsel would consider adequate. In doing so he would run much risk of coming to speak as an advocate rather than a judge. Nor is he required to go over all the evidence on any particular point every time he refers to the course in his charge. It is enough if he gives to the jury a general review of the evidence on the one side and the other, which fairly and adequately presents the course of the respective contentions of the parties, with enough reference to the items of evidence to assist the jury in recalling it as a substantial whole and to appreciate its bearings:" Commonwealth v. Kaiser, 184 Pa. 493. As our Brother WICKHAM has well said: "If the trial judges were compelled to weigh their utterances, regarding the evidence, in the exquisitely balanced scales sometimes employed by ingenious counsel to discover whether too much or too little has been said, few charges would stand the test. The only safe course would be to read the whole evidence word for word to the jury, or else carefully avoid mentioning it at all." Walton v. Caldwell, 5 Pa. Superior Ct. 143.

The assignments of error are overruled. Judgment affirmed.