# Claflin Company *v.* Querns.

*Practice, Superior Court—Defective assignment—Rule 17.*

An assignment alleging error in admitting a certain offer of evidence reciting the offer but failing to set out the evidence, offends against Rule 17.

*Province of court and jury—Question of fact—Refusal of binding instructions.*

Where the question is one of fact, and a verdict for defendant is warranted if the jury believed the testimony of the defendant and her witnesses, the trial judge correctly refused binding instructions for the plaintiff; he would have usurped the functions of the jury had he declared these witnesses unworthy of belief.

*Charge of court—Immaterial inaccuracy—Appeal.*

The appellate court will not reverse by reason of an alleged misleading charge where taken as whole the instructions were neither unfair nor misleading, and the inaccuracy referred to was not a misstatement on a pivotal fact, and ought to have been called to the attention of the court at the conclusion of the charge, if deemed material by counsel.

Argued Nov. 15, 1900. Appeal, No. 82, Oct. T., 1900, by plaintiff, in suit of the H. B. Claflin Company against Mary Querns, from judgment of C. P. Berks Co., Aug. T., 1899, No. 163, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Feigned issue to determine the validity of a judgment. Before ERMENTROUT, P. J.

It appears from the record that the trial judge admitted evidence in support of the following offer:

[Mr. Ruhl: Defendant offers in evidence execution and re-

464, (1900).]   Statement of Facts—Opinion of the Court.

turn of the sheriff for the purpose of rebutting any inference that might be made that the execution was issued not for the purpose of collecting an honest debt, but for the purpose of hindering, delaying or defrauding creditors, the execution showing there was no interference with the sheriff, that he was permitted to proceed and make the money, which he did. It is part of the record in this case.] [1]

Plaintiff submitted among others the following points:

[2. Under all the evidence the verdict should be for the plaintiff. *Answer:* Refused.] [2]

[3. Under the law the verdict should be for the plaintiff. *Answer:* Refused.] [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) to ruling on evidence, reciting offer as set out in the statement of facts. (2, 3) Refusal of binding instructions for plaintiff. (4) To a portion of the charge alleging inadequate and misleading instructions as manifested therein.

*W. B. Bechtel,* for appellant.

*C. H. Ruhl,* for appellee.

PER CURIAM, December 10, 1900:

The first assignment is not in compliance with Rule 17 of this court. It was important that the sheriff's return at least should have been printed.

The second and third assignments are to the refusal of the court to give binding instructions for the plaintiff. They cannot be sustained. If the jury believed the testimony of the defendant and her witnesses given on the trial they were warranted in giving a verdict in her favor. The question was one of fact, and the trial judge would have usurped the functions of the jury had he declared that these witnesses were unworthy of belief, as he would have been compelled to do, if he had affirmed these points.

The fourth assignment relates to certain expressions used by the trial judge in stating to the jury the explanations given by certain of the witnesses of the discrepancies between their tes-

timony given on the trial, and that given on a former hearing. For example, it is complained that the court erred in saying, that the defendant " frankly " admitted that she made a mistake in her former testimony; that her son William testified that what he said on the former hearing was a " mistake ; " and that Mrs. Weis testified that what she had sworn to on the former hearing was what she " honestly " believed at that time. It seems to us that these criticisms are too refined to warrant a reversal of the judgment.. A careful perusal of the testimony has failed to convince us that there was inaccuracy in the statement that the defendant " frankly " admitted her mistake, and to say that a witness testified that she " honestly " believed when she testified only that she " believed," added nothing to the force or effect of her testimony. The criticism of the comment on the testimony of William has more merit, but not sufficient to warrant a reversal. Taken as a whole the instructions were neither unfair nor misleading ; the inaccuracy last referred to was not a misstatement as to a pivotal fact and ought to have been called to the attention of the court at the conclusion of the charge, if the plaintiff deemed it material. See Taylor v. Burrell, 7 Pa. Superior Ct. 461, 464, and cases there cited. An examination of the whole charge disclosed no error calling for reversal.

All the assignments of error are overruled and the judgment is affirmed.