## Provident Life and Trust Company *v.* Philadelphia, Appellant.

202        78
21 SC  ¹240

202        78
206      ²165

202        78
25 SC ⁸ 63

202        78
219      ²364

202 .   78
41SC²186

*Road law—Damages—Allowance for delay—Interest—Province of court and jury.*

Where interest is recoverable of right a jury may be instructed to give it, but in a proceeding to open a street, where additional damages in the nature of interest may be allowed as compensation for delay of payment, it is not the province of the court to direct their allowance. Whether they should be allowed depends upon circumstances, and must be determined by the jury as other elements of damage are.

*Practice, C. P.—Trial—Appeal—Harmless error—Road law.*

Where there has been a fair and careful trial, an objection raised for the first time in an appellate court should not lead to a reversal, unless it is a serious one, and affects the merits.

Where a trial judge has carefully explained the distinction between the allowance of interest as such, and the allowance of additional damages in the nature of interest as compensation for delay in payment, a further statement, not objected to at the time, that if the jury should find for the plaintiff they should allow damages for the delay in payment, while technically erroneous, is not ground for reversal, and this is especially so where the amount of the verdict shows that the defendant suffered no substantial harm.

Argued Jan. 21, 1902. Appeal, No. 131, Jan. T., 1901, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1895, No. 491, on verdict for plaintiff in case of Provident Life & Trust Company et al., Executors of George W. Lukens, Deceased, v. City of Philadelphia. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Appeal from report of jury of view. Before McCarthy, J.

At the trial expert witnesses for the plaintiff variously estimated the depreciation of the property and market value to be from $7,600 to $11,666. Witnesses for the defendant estimated that the property was benefited from $428 to $2,600.

The court charged in part as follows:

Gentlemen, you have had the benefit of viewing this property and you have heard the testimony of all these experts, and it

will be for you to say, after carefully weighing this testimony, whether this property was damaged by the opening of Church street in 1892, or whether it was benefited.  If the property was damaged by the opening of Church street, if its market value was less immediately after the opening then it was immediately before, then you ought to give the plaintiffs damages for the difference.  If, however, after careful consideration, you find that this property was not damaged at all by the opening of Church street at that date, or that it was benefited, then your verdict ought to be for the defendant.

[Assuming that you do find that the plaintiffs are entitled to a verdict, assuming that you do find that the market value of that property was depreciated by the opening of this street on April 23, 1892, then I charge you, that if the plaintiffs are entitled to any compensation by reason of the opening of Church street through their property in 1892, you must remember that they have lost the use of such a sum for a period of nearly nine years, and, if you find a verdict for the plaintiffs, you should allow them damages for the detention by the city of the payment of such compensation.]  [1]

Mr. Miller : I want to call your honor's attention to one matter.  Your honor in charging so as to the length of time since the opening of the street with a view to an allowance in case any damages were given, did not refer to one consideration which seems to me to be a proper one under the decision I handed you, and that is, that if the plaintiffs were excessive in their demand, that then that would be a consideration against the making of an allowance for the lapse of time.

Mr. Leaming : On the question of interest there is no testimony whatever as to what the plaintiffs' demand was.

The Court : [I do not remember any testimony which indicates that there was any excessive or unreasonable demand on the part of the plaintiffs, such as is referred to in the opinion of the Supreme Court that you handed up to me.  I do not care to say anything more to the jury on that subject.]  [2]

Verdict and judgment for plaintiff for $8,000.  Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*E. Spencer Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant.—The instructions as to the damages in the matter of interest was erroneous: Phila. Ball Club v. Philadelphia, 192 Pa. 632; Klages v. P. & R. Terminal Co., 160 Pa. 386; Becker v. P. & R. Terminal Co., 177 Pa. 252.

*Thomas Leaming*, for appellee, cited: Penna. Schuylkill Valley R. R. Co. v. Ziemer, 124 Pa. 560; Weiss v. South Bethlehem Boro., 136 Pa. 294; Klages v. P. & R. Terminal, 160 Pa. 386; Becker v. P & R. Terminal Co., 177 Pa. 252.

OPINION BY MR. JUSTICE FELL, March 10, 1902:

The instruction to the jury, that if the plaintiff was entitled to recover, he should be allowed damages for the delay in the payment by the city of compensation for the injury caused by the opening of the street, was technically erroneous. Where interest is recoverable of right, a jury may be instructed to give it, but in actions such as this where additional damages in the nature of interest may be allowed as compensation for delay of payment, it is not the province of the court to direct their allowance. Whether they should be allowed depends upon circumstances, and must be determined by the jury as other elements of damage are: Richards v. Citizens' Natural Gas Co., 130 Pa. 37.

The distinction between the allowance of interest as such, and the allowance of additional damages in the nature of interest as compensation for delay in payment, was carefully observed in the charge. The instruction now complained of is the subject of the only assignment of error that appears in the record of a protracted trial in which all the defendant's points of law were affirmed. Objection was not made at the time that the instruction was binding, but objection was made that the further direction was not given that if the plaintiff had made excessive demands, the jury should consider that fact in making an allowance for the lapse of time. There was nothing in the testimony to warrant such a direction, and it was properly refused. The inadvertent use of the word "shall" was not noticed at the time by counsel or court. It would no doubt have been corrected if attention had been called to it. Under the

circumstances it is not an error that requires a reversal.   Where there has been a fair and careful trial, an objection raised for the first time in an appellate court should not lead to a reversal unless it is a serious one and affects the merits : Knapp v. Griffin, 140 Pa. 604 ; Jaffray v. Frothingham, 148 Pa. 213 ; Krepps v. Carlisle, 157 Pa. 358 ; Halfman v. Penna. Boiler Ins. Co., 160 Pa. 202 ; Taylor v. Burrell, 7 Pa. Superior Ct. 461 ; Claflin Company v. Querns, 15 Pa. Superior Ct. 464.   This was a case in which substantial justice would not have been done without allowance for the delay of nine years between the taking of the plaintiff's land and the final trial of the action. If any allowance was made by the jury, it was a trifling one, as the verdict is only slightly in excess of the lowest estimate of actual damages to the property.

The judgment is affirmed.