## Rothwell *v.* California Borough, Appellant.

*Boroughs—Roads—Repair of road on boundary line between borough and township.*

Where the center line of a road is the boundary line between a borough and a township, the borough is charged with the duty of keeping in repair the half of the road within the borough lines, but it cannot make any change of grade of its own half of the road so as to interfere with the use of the public highway in its entirety. It may, however, with the acquiescence and consent of the authorities of the township extend its work beyond the middle of the road, and in that manner discharge its duty to maintain the highway. In such a case the question whether the work should or should not be carried beyond the center line, the township consenting, is within the discretion of the borough authorities.

In an action against a borough to recover damages for injuries to property caused by the change of grade of a road, the center line of which is a boundary line between a borough and a township, a judgment against

the borough may be obtained where the evidence submitted to the jury tended to show that the work was done under the direction of the borough street commissioner, and was paid for by the proper borough authorities. In such a case declarations of the street commissioner made while acting within the scope of his authority in doing the work as to the character in which, and the orders under which, he was acting, are part of the res gestæ.

*Road law—Change of grade—Interest.*

Where in a road case the lower court has erroneously directed the jury to allow interest, the appellate court will permit the appellee to yield the amount by which the verdict was so increased by striking off the amount of the interest.

Argued April 22, 1902.   Appeal, No. 1, April T., 1902, by defendant, from judgment of C. P. Washington Co., Aug. T., 1900, No. 124, on verdict for plaintiff in case of Sidney J. Rothwell et al. v. California Borough.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to property caused by change of grade of a road.

From the record it appeared that the road in question was the boundary line between the borough of California and the township of East Pike Run.   The evidence tended to show that the borough had changed the grade of the road to its entire width.

The court charged in part as follows:

[It could not be contended that the borough authorities could go out of their jurisdiction, and do some work some place and damage somebody by it, and that the party who was damaged was without remedy to hold them responsible as a corporation, because they had not passed a resolution to do that, and had not advertised that they were going to do it, that the street committee would employ certain men to do it, and to go through all that formality, because they were doing an unlawful act.   The parties injured can hold responsible under such facts whoever they catch doing the work, and if it turns out they were the mere agents, servants and employees of the corporate authority, and were working under the borough authority to do this work, then they can include the individ-

uals who actually did the work; sue them along with the corporate authorities; or they can drop the individuals out who actually did the work, and sue the party who hired them to do it, who was the paymaster, the party whose agents and employees they were. [1]

[And so, in this case, if you should find that the street commissioner of California, Mr. Corrin, was acting for the borough authorities, not on his own individual responsibility, but was acting for the borough of California in his capacity of street commissioner or regulator, or whatever you call him, and that the council was behind him, and that the council paid for this work, why then the proper parties would be in court, that is, the borough authorities of California; and you could only excuse them, or find that they were not the proper parties, where the evidence failed to disclose to your satisfaction, or the plaintiffs have failed to satisfy you by the weight of the evidence, that the borough of California had anything to do with it, and the street commissioner, while he was acting as street commissioner of the borough of California, of his own motion—not theirs—had gone ahead and made this cut without any consultation with the borough authorities at all. Under circumstances of that kind we hardly think the law would say that the municipality should be held, but the individual street commissioner. But, if you should, in addition to the street commissioner doing this, find that the borough paid for the work, or paid part of it, then we think, gentlemen, that you would be warranted in finding that the borough authorities were behind this improvement, and to such an extent as to make them responsible under the law for any damages that they had occasioned an individual property owner or owners.] [2]

[If you should find, gentlemen, that the borough of California was the responsible party here, under all the instructions we have already given you on the law on that subject, and you find that the plaintiffs have been damaged by their action in the particular complained of, then you would proceed to assess the damages under the rule that we have already laid down, and give them whatever sum, in your judgment under all the evidence, you think they are entitled to as damages. And in an action of this kind you may include interest from the time that the damages were sustained, because if they were damaged

in September of 1898, then they ought to have had the money then, but they do not get it all till you find it for them, and they would be entitled to interest upon it from the time they should have had it ; but, you find for whatever you think they are entitled to receive, if you find they are damaged, in a lump sum, including the interest for the detention of it, if they were entitled to it at a particular date prior to now.] [3]

Verdict and judgment for plaintiff for $1,151. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Boyd Crumrine,* with him *E. E. Crumrine,* for appellant.—A borough cannot be made liable for a trespass by its officers and employees, for it has no power or duty to authorize a trespass to be committed : Bethan v. Philadelphia, 196 Pa. 302 ; Elliott v. Philadelphia, 75 Pa. 347 ; Boyd v. Ins. Patrol, 113 Pa. 278 ; Chartiers Twp. v. Langdon, 114 Pa. 541.

When the employees of a municipality grade a road out in a township and beyond the corporate limits, it is not liable : Thayer v. Boston, 19 Pick. 511 ; Pittsburg v. Grier, 22 Pa. 54 ; Erie v. Schwingle, 22 Pa. 388 ; White v. Boro. of McKeesport, 101 Pa. 394.

It was error in the court below to instruct the jury that if the plaintiffs were damaged in September, 1898, they would be entitled to interest upon the amount from the time they should have had it : Plymouth Twp. v. Graver, 125 Pa. 24 ; Pennsylvania, etc., R. R. Co. v. Ziemer, 124 Pa. 560 ; Reading, etc., R. R. Co. v. Balthaser, 126 Pa. 1 ; Klages v. Phila. & Reading Terminal Co., 160 Pa. 386.

*T. F. Birch,* with him *A. T. Morgan* and *J. W. & A. Donnan,* for appellee.—Prime, facie, a municipal corporation is not liable for the trespass and wrongful acts of its officers, though done colore officii ; but it will clearly be liable therefor where the act, if not wholly ultra vires, was expressly authorized by the governing body of the corporation, or where, without special authority, it was done by its officers in the scope of their duty and employment, and has been ratified by the corporation : White v. Boro. of McKeesport, 101 Pa. 394.

The authority to grade and pave streets is among the implied powers of a municipal corporation: White v. Borough of McKeesport, supra; City of Williamsport v. Commonwealth, 84 Pa. 493; Barter v. Commonwealth, 3 P. & W. 253; Dillon on Munic. Corp. sec. 584.

In actions for unliquidated damages, whether sounding in tort or in contract, whenever the damages are to be assessed on the principle of compensation, and with reference to a definite standard, such as market value, the jury may give additional damages in the nature of interest: Richards v. Citizens Natural Gas Co., 130 Pa. 37; Hewitt v. Pittsburg, etc., R. R. Co., 19 Pa. Superior Ct. 304.

OPINION BY W. D. PORTER, J., October 13, 1902:

The property of the plaintiffs was situated in the township of East Pike Run and abutted upon a public road, which led through the borough of California and continued out through the township. In front of the property of the plaintiffs half of the highway, longitudinally, was within the borough and the other half in the township, the boundary being the center line of the road. This proceeding was instituted to recover for injuries resulting to the property of the plaintiffs from a change in the grade of the road by the officers of the borough. No objection to the form of the action was made in the court below, nor has that question been argued here, and for that reason we do not deem it incumbent upon us to consider it. The learned counsel who represented the appellant has confined his argument to the merits of the case, the right of the plaintiffs to recover, under the evidence, in any form of action. The grounds upon which he seeks to reverse the judgment are: (1) That there was no evidence to warrant a finding that the work was done under the authority of the borough; (2) that even if the borough authorities procured the work to be done it was not within the scope of their duties and the borough was not liable for the consequances; and (3) that the court charged as matter of law that the plaintiffs were entitled to recover interest from the time the work was done.

A number of witnesses testified as to the manner in which the grading was done and the disposition which was made of the material taken from the bed of the road by using it in grading

other streets within the borough. It was admitted that the work was done by and under the direction of the street commissioner of the borough, and there was direct evidence, which was not contradicted, that the work was paid for by the proper borough authorities. There was evidence as to the declarations of the borough street commissioner, while acting within the scope of his authority in doing the work, as to the character in which and the orders under which he was acting. These declarations were evidence as part of the res gestæ. The acts of a municipal corporation may be proved otherwise than by its records or other written document, and the testimony of the witnesses called by both parties in the court below was such as to warrant a finding that the work was done by authority of the borough: Weir v. Plymouth Borough, 148 Pa. 566; Bohan v. Avoca Borough, 154 Pa. 404.

The borough could not have vacated or changed the location of the road in question: Somerset and Stoystown Road, 74 Pa. 61; South Chester Road, 80 Pa. 370. The road had long been used as a public highway and there is no question that it had been located and opened under legal authority. The Act of April 1, 1834, P. L. 166, imposes upon the authorities of a borough the duty to open such parts of any road laid out by order of the proper court as are within the borough limits. All public roads or highways are required by law to be constantly kept in repair, which duty is to be discharged by each municipality as to the highways within its limits. The authorities upon whom is imposed the duty to open a road laid out by order of the court are vested with a reasonable discretion to determine the amount of grading necessary to accomplish the result. The order of the court fixes the location of the road; the authorities of the boroughs and townships within which it is located cannot change the location, but they exercise a discretion as to the amount of cutting and filling which upon that location is necessary to make the road reasonably safe and convenient for travel. The Act of April 3, 1851, P. L. 320, section 2, expressly delegates to boroughs the power to regulate the roads, streets, lanes, etc., and the heights, grades, widths, slopes and forms thereof, " and they shall have all needful jurisdiction over the same." The authority to grade all streets and roads within the corporate limits is among the im-

plied powers of a municipality : City of Williamsport v. Commonwealth, 84 Pa. 493.   A borough may lawfully grade that part of an old township road which is within its boundaries : White v. Borough of McKeesport, 101 Pa. 394.   When no specified grade has been fixed by the borough, but changes in the actual grade of a street are made from time to time in repairing the highway, the borough is answerable for the injury to property resulting from such changes : New Brighton v. Peirsol, 107 Pa. 280.   In repairing a public road municipal authorities are vested with a discretion to make such changes in the grade as have been rendered necessary by the wear of travel and the action of the elements, or as have become expedient because of an increase of the traffic or a change of its character.   One half of the public road directly in front of plaintiffs' property was in the borough of California; with regard to that half the borough had jurisdiction and was charged with a duty.   The borough could not make such changes in the grade of that half of the road as to interfere with the use of the public highway in its entirety ; that half must be maintained at a grade which would permit of its being used in connection with the other half.   The borough authorities might, with the acquiescence of the authorities of the township, make such change in the grade of the whole width of the road at that particular point as was necessary to keep the highway in repair.   While the duty of the borough and township was not a joint one, they were each charged with a duty, the discharge of which contributed to a common result. The authorities of the borough were vested with a discretion to determine the manner in which their half of the road could most economically be kept in repair.   If in their judgment that end could best be accomplished by carrying their work beyond the middle of the road they might, with the consent of the authorities of the township, in that manner discharge the duty of the borough to maintain the highway.   The borough must answer for the injuries resulting to private property from the manner in which the duty imposed upon it by law was discharged.

The learned judge below inadvertently directed the jury to allow interest, from September, 1898, to the time of the trial, March, 1901, as matter of law.   This was a technical error : Provident Life & Trust Company v. Philadelphia, 202 Pa. 78.

The amount by which this error increased the verdict, however, was not large and is easily ascertainable.   We will follow the precedent established by the Supreme Court in Richards v. Citizens Natural Gas Company, 130 Pa. 37, and permit the appellee to yield the amount by which the verdict was so increased, by striking off the amount of the interest during the period stated.   We will not now make a final order, but if the plaintiffs shall within twenty days file a stipulation reducing the judgment nunc pro tunc, as of March 16, 1901, to $1,000, the judgment will be affirmed.