# Johnston *against* Coleman.

If one who is exempt from arrest by reason of his having taken the benefit of the Insolvent Law suffers himself to be sued, judgment to be entered, and execution to issue against him, upon which he is arrested and gives a bond to take the benefit of the Insolvent Law, and the condition of the bond is broken by his failure to make an application for that purpose, he cannot, in an action brought on that bond, avail himself of the fact that his arrest was illegal.

If one illegally arrested give bond with surety, conditioned for his appearance to take the benefit of the Insolvent Law, instead of suing out a *habeas corpus*, the surety will be bound by his obligation.

ERROR to the Common Pleas of *Allegheny* county.

John Johnston against George Coleman and James Coleman. Appeal from the judgment of a justice of the peace.   The plaintiff gave in evidence an insolvent bond, dated 6th October 1841, in the penalty of $71.00, amount of debt $35.48, and called the clerk of the court, who testified that George Coleman had not applied for the benefit of the Insolvent Law, according to the condition of his bond.

The defendant gave in evidence the transcript of a judgment, entered 9th April 1838, for $31, of *John Litchfield* v. *George Coleman*, upon which an execution issued and the defendant was arrested and gave bond, and was discharged as an insolvent on the 23d November 1839.   On the 5th April 1839, this judgment was assigned, on the justice's docket, to John Johnston, the plaintiff in this suit.

The defendants requested the court to charge the jury on the following points:

1. That the discharge of George Coleman as an insolvent debtor by the Common Pleas of Allegheny county, under the Insolvent Laws of Pennsylvania, made on the 23d November 1839, operated as a full and complete discharge of the person of the said Coleman from arrest on or by virtue of any debts for which he was then liable.

2. That any arrest of the person of George Coleman made after

[Johnston v. Coleman.]

his discharge as an insolvent upon any debt contracted before his discharge, was illegal.

3. And if the jury believe the arrest of George Coleman was illegal, and that he could not have been held in custody on that arrest, and that, in ignorance of his rights, he entered into the bond now in evidence with James Coleman for his security, conditioned for his appearance to take the benefit of the Insolvent Laws, that the said bond was voïdable, and that no subsequent proceedings on said bond could make the surety in it liable.

The court below answered these points in the affirmative, and directed a verdict and judgment for the defendants.

*T. Hamilton*, for plaintiff in error, cited *Cro. Jas.* 187; 3 *Cain's Rep.* 168; 12 *Johns.* 88.

*Eyster*, for defendant in error, cited 15 *Johns.* 256.

The opinion of the Court was delivered by

Rogers, J.—An arrest, after discharge of an insolvent, is illegal, for the discharge operates as an exemption of the person from arrest, for a debt previously contracted. And this it was incumbent on the defendant to prove; but of the material fact involved in the above proposition, to wit, that the debt was incurred before the discharge, I see no evidence. The judgment under which the execution was issued was rendered, by confession, after the defendant took the benefit of the Act, and if there is nothing more, of course he was liable to arrest as under a new contract. It was in evidence that one John Litchfield obtained a judgment against George Coleman, which was assigned to the plaintiff on the 5th April 1839, before Coleman's discharge; but the defendant failed to prove, although he asserted it to be so, that this was the consideration of the judgment afterwards confessed by him to the plaintiff. The fact that the judgments are for about the same sum proves but little. Besides, it is difficult to understand why another judgment was deemed necessary, unless upon the ground of a new contract, of which the former was the consideration. But this position would not help the defendant, as he would then be liable, without doubt, in his person as well as his goods.

It must be remarked that it does not appear on the face of the proceedings when the debt was contracted; but if before the discharge, the defendant was bound to show it. The judgment is confessed generally, and as the exemption from an arrest is a personal privilege, it may be waived, and we deem the confession of the judgment, without reservation, tantamount to an express waiver. Ignorance of the law is no excuse to the defendant; for granting that it is for the same debt, and that it was incurred before the discharge, the defendant has precluded himself from the benefit of this defence; for the judgment must have the same

[Johnston v. Coleman.]

incident of every other judgment, among which is the unquestionable right to take the person of the debtor in satisfaction of the debt. We cannot go out of the record and examine into the facts which are the groundwork of the defence, of whether the debt was contracted before or after the discharge. Besides, it seems that the defendant submitted to the arrest, and gave the bond in suit, with James Coleman as security. If dissatisfied with the arrest he might have been discharged on *habeas corpus*, but having refused to resort to this mode of redress, he cannot afterwards avail himself of this defence against his bond.

This is a joint suit against the principal and surety, on a joint and several bond, and it is questionable whether the surety can avoid the bond by reason of the duress of his principal. This point is decided in *Huscomb* v. *Harding*, (*Cro. Jas.* 187). The case was debt, upon an obligation of £40, conditioned that Richard Street should pay £20 on such a day, &c.

The defendants pleaded that the said Street was imprisoned by one Everly, Steward of the Stanneries, and the plaintiffs of covin with him, and, without any reasonable cause, detained the said Street in prison, against law and to the great peril of his life, until the said Street should pay to the plaintiff £24, or become bound with a surety for the payment thereof; whereupon, to enlarge the said Street and to avoid the danger of his life, he and the defendant as his surety entered into that bond.

It was therefore demurred, and, without argument, adjudged that it was not any plea for the surety, although it had been a good plea for the said Street; for none shall avoid his own bond for the imprisonment or danger of another than of himself only; and although the bond be avoidable as to one, yet it is good as to the other; whereupon it was adjudged for the plaintiff.

Judgment reversed, and a *venire de novo* awarded.