## Cauley *versus* The Pittsburgh, Cincinnati and St. Louis Railway Company.

1. Except at public crossings, where the public has a right of way, a railroad company has the exclusive right to its track, and it owes no duty to the father of a child of tender years trespassing thereon, nor to the child itself.

2. Parents who permit their children to trespass upon a railroad track are guilty of contributory negligence, and the fact that the trespass was without the knowledge of the parents is not material.

3. One writ of error cannot be taken to separate judgments in two actions in different rights but tried together on the same evidence, and if so taken the writ will be quashed.

October 11th 1880.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county*: Of October and November Term 1880, No. 197.

These were two actions on the case, one by John H. Cauley, a minor, by his father and next friend, John Cauley, and the other by the father, the said John Cauley, against the Pittsburgh, Cincinnati and St. Louis Railway Company, to recover damages for injuries to said minor, and loss of service, &c., caused by the alleged negligence of the company's servants.  The defendants pleaded "Not guilty."  The docket entries in both cases were the same, and they were tried together.

At the trial, before Kirkpatrick, A. L. J., the plaintiff offered to prove by Bridget Cauley "that on the morning of the 20th of September 1879, she came out of her house on the hillside opposite the Point Bridge, and above the defendants' railroad and switches; that she saw defendants' freight cars being shifted down the road and in motion; that she saw and heard the conductor of the train standing on the track, and close to the nearest switch in that vicinity, and close to the moving train, calling to and ordering a number of boys that were on a sand-car loaded with sand, and

ordering them to get out of the car, in a very authoritive tone of voice; that discovering at the time that this small boy, John H. Cauley, was among the boys on the car, she spoke out and protested against the boys having to get off the car, at least her boy, while the cars were in motion; that she remonstrated with the conductor, and asked that they should not be put off until the cars should be stopped; that the conductor persisted in ordering the boys to get off while the cars were in motion; that while the conductor was giving such orders to get off, the larger boys jumped off the car on different sides of the track, that they were running on, and that her little boy, John Henry Cauley, then seven years, two months and six days old, jumped off also, and fell under a wheel of the car, and his leg was bruised so that it had to be amputated. Further, to prove by the witness that after the cars had started, and while in motion, and when the conductor was giving said orders, that a brakeman on the cars came toward the boys in a manner which indicated that he was about to enforce the orders of the conductor, and this immediately before the boys jumped off the car. This for the purpose of showing that those in charge of the train of defendants had acted carelessly and negligently in the premises, and had ordered the boys to get off the train at an improper time, when it was in motion; and also to show negligence on part of defendants."

Defendants objected to the offer as incompetent, and irrelevant generally, and because the offer discloses the fact that the plaintiff, the boy injured, was a trespasser at the time of his injury, being in a place where he had no right to be, and it fails to disclose any act of negligence upon the part of any employee of the company for which the company is itself liable. Objections sustained; testimony excluded.

Also to prove by Mrs. Cauley and others, that on the 20th of September last, at or near the south end of the Point Bridge, in the city of Pittsburgh, upon the railway track of the defendants, John Henry Cauley, a son of the witness, and of John Cauley, plaintiff in one of these suits on trial, a child of the age of seven years, was playing on a flat-car loaded with sand that was upon the switch of defendants' road, and while he was upon said car one of the defendants' freight conductors, and others, servants of defendants' company, caused said car to be moved or shifted, and having by means of a locomotive engine in charge of defendants' employees, under direction of said conductor, commenced to move or shift said car and others, running the train down the track, or switch, at a rapid rate of speed (the said conductor of defendants having charge of said locomotive and cars at the time), in a careless, reckless and negligent manner, ordered the said child, John Henry Cauley, to get off said car, and he repeated said order with oaths, and in an authoritative manner, while the cars were in motion, so that the

[Cauley v. Pitts., Cincinnati and St. Louis Railway Co.]

said John Henry Cauley, and others, boys of tender years, who were on said car, and so ordered off by said conductor, became frightened and jumped off said car by reason of said order, and the said John H. Cauley, in jumping off said car, fell upon the track, where his left leg was crushed and broken by a wheel of said car running over it, so that it became necessary to amputate the said leg below the knee, crippling him for life, and that he was and is greatly injured thereby.

For the purpose of proving negligence on the part of the defendants in the premises, to be followed by evidence that said conductor, at the time and place in question, was warned by said Mrs. Cauley of the danger of driving her said child off said car, while it was so in motion, and at the time said child was so ordered off said car. And that said child was, at the time in question, and had been before that time, playing upon said car in the city of Pittsburgh, adjacent to a crossing of the street and upon the street, in a thickly-populated district, near rolling-mills, factories, &c., and near where plaintiff's family and others, employees of these mills reside; and that said child was upon the said car without the consent of his parents. And this all to prove negligence on the part of the defendants.

Objected to for like reasons, and objections sustained and evidence excluded.

There being no other evidence, the court, as requested by defendants, charged the jury that the verdict should be for the defendants, adding, at plaintiff's request, that the reason in so charging was because the court ruled out the plaintiff's offers of evidence.

Verdict and judgment in each case for the defendants. Plaintiff took this wait, and alleged that the court erred in excluding the foregoing offers of evidence.

*A. M. Watson*, for plaintiff in error.—The court below ruled both cases together, and treated the child as if it were an adult, entirely overlooking the important distinction between the legal responsibility of adults and infants of tender years. A defendant is liable to an infant seven years old, for injuries resulting from negligence, though the plaintiff was a trespasser, and contributed to the mischief by his own act: Smith v. O'Connor, 12 Wright 221; Pennsylvania Railroad Co. v. Lewis, 29 Id. 33; Philadelphia & Reading Railroad Co. v. Long, 25 P. F. Smith 265; Philadelphia & Reading Railroad Co. v. Spearen, 11 Wright 300; Pennsylvania Railroad Co. v. Morgan, 1 Norris 134; Lynch v. Nardin, 1 Ad. & E. 442; Robinson v. Commonwealth, 22 Ves. 224.

*Hampton & Dalzell*, for defendants in error.—The court's decision was not put upon the ground of contributory negligence, so

[Cauley *v.* Pitts., Cincinnati and St. Louis Railway Co.]

far as the boy was concerned, but on the ground that he was a trespasser injured without negligence on defendants' part. A distinction is to be observed between the suit instituted by the father and that instituted by the boy himself. So far as the former is concerned, we submit that, under the authorities, there could be no recovery : Smith *v.* Hestonville Pass. Railway Co., 11 Norris 450. Now, as to the case of the boy himself, did the facts offered entitle him to recover ? Concede that he was incapable of contributory negligence, still he was a trespasser, and the company owed him no duty : Duff *v.* A. V. Railroad Co., 10 Norris 458 ; Flower *v.* Pennsylvania Railroad Co., 19 P. F. Smith 214 ; Cunningham *v.* Pennsylvania Railroad Co., October and November Term 1859, unreported : Knight *v.* Abert, 6 Barr 472 ; Philadelphia & Reading Railroad Co. *v.* Yeiser, 8 Id. 366. In this case the facts were admitted or proved, and the question of negligence was for the court : Goshern *v.* Smith, 11 Norris 435.

Mr. Justice Paxson delivered the opinion of the court, November 8th 1880.

It was said by Mr. Justice Strong in Philadelphia & Reading Railroad Company *v.* Hummell, 8 Wright, at page 278 : " It is time it should be understood in this state that the use of a railroad track, cutting or embankment is exclusive of the public everywhere except where a way crosses it." The same doctrine has been reiterated again and again in subsequent cases. In Mulherin *v.* Delaware, Lackawanna & Western Railroad Company, 31 P. F. Smith 366, it was said : " Except at crossings, where the public have a right of way, a man who steps his foot upon a railroad track does so at his peril. The company has not only a· right of way, but it is exclusive at all times and for all purposes," and Railroad *v.* Norton, 12 Harris 465, was cited in support of this rule. Many other cases might be referred to were it necessary. We live in an age of steam and of rapid development. The world demands quick transportation. Increased speed necessarily involves increased danger. Holding as we do such corporations to a strict responsibility for negligence, it is our duty to give them a clear track. This rule is not only proper in itself but is necessary for the preservation of life. Its propriety is no longer a subject for discussion.

It ought also to be equally well understood that parents who permit their children to trespass· upon the track of a railroad are guilty of negligence. It is not only gross but culpable negligence, as it imperils the lives of the children so trespassing, as also the lives of the travelling public. A similar view was taken in Railroad Company *v.* Hummell, *supra*, where it was said that children " cannot be upon the railroad without a culpable violation of duty by their parents or guardians." It is very clear, therefore,

14 Norris—26

[Cauley *v.* Pitts., Cincinnati and St. Louis Railway Co.]

that as to the suit brought by John Cauley in his own right for the injury to his son, he cannot recover.   The child was upon the car where he ought not to have been by the negligence and want of care of his father.   Nor does the offer of evidence ruled out by the court below tend to rebut the presumption of negligence on the part of his parents.   On the contrary, it strengthens it.   Assuming the offer to be true, it shows that the child was not only playing upon the car on the occasion when he received the injury, but that he had done so before.   The location was near his parent's house, probably in sight, as his mother saw the accident and called to the conductor.   That the child was there without his father's consent is not to the purpose.   " To suffer a child to wander upon the street has the sense of permit.   If such permission or sufferance exist it is negligence :" Philadelphia & Reading Railroad Co. *v.* Long, 25 P. F. Smith 265.   I apprehend few parents would consent to a child's playing upon a railroad track or any other known place of danger.   But many parents might neglect the precautions necessary to prevent it.   In some instances it would require more than merely to caution a child against it.   Positive prohibition followed by punishment for violation may sometimes be necessary.   It too often happens that boys are allowed to wander about the streets and trespass upon railroad tracks with very little care or supervision of their parents.   Whilst so engaged injuries of this character are likely to happen.   Much as they are to be deplored and however much our sympathies may be aroused for one so injured, it would be unjust to compel a corporation or individual to make a pecuniary compensation for such accident, when it was the result of the lawful pursuit of a lawful business by such corporation or individual.   Aside from this the defendant company owed the father of this child no duty.   The father owed his child the duty of protection.   The company did not.   The evidence was properly rejected.

In regard to the suit brought for the child by his father as his next friend, it is sufficient to say that the child being unlawfully upon the car, the defendant company owed it no duty and is not liable for the injury.   This was the principle upon which Railroad Company *v.* Hummell was ruled.   In the recent case of Duff *v.* Allegheny Valley Railroad Co., 10 Norris 458, it appeared that a conductor of a train, in violation of the rules of the company, permitted a boy to sell papers on the train. By the alleged negligence of the company the boy was killed. The right of his mother to recover was denied upon the ground that the boy was a mere trespasser and the company owed him no duty.   It is useless to multiply authorities.   The rule is well settled and is sustained by reason and authority.   Moreover, it is demanded by humanity.   There are many unfeeling parents who not only neglect but maltreat their children.   It would

be cruel to such children to lay down a rule which would make it an object for unprincipled parents to expose them to injury and death upon a railroad track.

Upon the merits these judgments ought to be affirmed. But we notice that one writ of error has been taken to the two cases. There is no authority for this. It is a practice that we will not encourage. Besides the Commonwealth loses the tax upon one writ. There should have been a separate writ of error to bring up each case. We have expressed our opinion upon the merits to avoid having our time occupied with the cases again. But we will not enter judgment.

                                             Writ quashed.


Justices TRUNKEY and STERRETT concurred in quashing the writ, but not in this opinion, to which they dissented.