## PETITION OF ALONZO OWEN, AN INSOLVENT.

### APPEAL BY PETITIONER FROM THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 17, 1891—Decided March 9, 1891.

1. An appeal and certiorari from an order dismissing the petition of an alleged insolvent for a discharge under the insolvent laws, does not bring up the opinion of the court below for review, and especially when no exception was sealed thereto.*
2. Whether the petitioner was a fraudulent debtor, and for this reason not entitled to his discharge, was a question of fact, and the evidence not being brought up by the writ, the finding of the court below would be presumed to have been upon sufficient evidence.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 206 July Term 1890, Sup. Ct.; court below, number and term not given.

On June 16, 1890, Alonzo Owen, an alleged insolvent debtor, presented his petition for his discharge under the insolvent laws. The schedule of his property attached to his petition showed that he owned a suit of clothes of the value of $3, and an overcoat of the value of six dollars. The list of his creditors and the nature and amount of his debts exhibited indebtedness for costs, for fines, and for lying-in expenses of Jennie Hossler, amounting to $69.18, and "one dollar per week until the child reaches the age of seven years."

After a hearing had on July 7, 1890, the day appointed, the court, PERSHING, P. J., filed the following opinion:

The testimony of the defendant shows that he is twenty-eight years of age, and has been regularly earning $60 per month in his trade as machinist. He alleged that he gave his wages to his mother for her support; in this statement, his mother's testimony to some extent contradicted him. She is

---

* See Grieb v. Kuttner, 135 Pa. 281; Berg's Pet., 139 Pa. 354.

Arguments.

the owner of real estate in Tremont, and was accepted as bail for her son's appearance at the hearing, in the sum of $300.

It was developed that on the day the case was called for trial, the defendant sold his watch, worth $16, to his mother, for the sum of $2. He admitted that he afterwards carried this watch on his person, having, as he said, "borrowed" it from his mother. It also appeared that the defendant made some proposition to settle with the prosecutrix which she declined to accept, whereupon he notified her that he would go to jail and procure his discharge as an insolvent, and that she should get nothing. The financial ability, and the duty of this able-bodied young man to support his illegitimate offspring, are alike plain. That he prefers to remain in jail, at a loss of $60 per month in wages, in a fraudulent attempt to shirk his responsibility, is not to his credit.

The act provides that if the petitioner for the benefit of the insolvent laws, shall satisfy the court that he has not concealed or conveyed to any person whomsoever, any part of his estate, effects or credits, if upon examination of the petitioner there shall not arise a strong presumption of fraud, and he shall in other respects be entitled to relief, the court shall direct an oath or affirmation to be administered to him, in the form prescribed in the act. Thereupon, on his making a proper assignment of all his estate, property and effects whatsoever, to a trustee to be named by the court, he may be discharged: See act of June 16, 1836, §§ 12, 13, 14, P. L. 733.

The applicant, in the case in hand, has failed to satisfy the court that he has brought himself within the provisions of the insolvent law. On the contrary, the court is satisfied that his application is wholly without merit.

Now, July 14, 1890, the petition for a discharge under the insolvent laws, is dismissed at the costs of the petitioner; exception.

—Thereupon, the petitioner took this appeal, assigning the entire opinion of the court below, for error.

*Mr. W. F. Shepherd* (with him *Mr. James W. Ryon*), for the appellant.

Counsel cited: Cooper v. Henderson, 6 Binn. 189; Moncure v. Hanson, 15 Pa. 385; McAllister v. Samuel, 17 Pa. 114;

Ruby v. Glenn, 5 W. 77; Respublica v. Tryer, 3 Y. 451; Ex parte Auge, Ingraham, 114.

*Mr. N. Heblich,* for Jennie Hossler, the appellee, was not heard.

PER CURIAM:

The single assignment of error is to the opinion of the court below. The opinion is not assignable as error, for the reason that it does not come here upon a certiorari, and, further, does not appear to have been excepted to. There was an exception to the order of the court dismissing the appellant's petition for a discharge under the insolvent laws. This was what the learned counsel probably intended to assign as error. If we treat it in this way it does not help him. Whether the appellant was a fraudulent debtor, and for this reason not entitled to his discharge, was a question of fact, which was decided against him by the court below. We must presume the learned judge acted upon sufficient evidence, and his finding is not reviewable here. The testimony does not come up with the record.

Judgment affirmed.