## James H. Stout v. Michael J. Quinn, John M. Quinn and Joseph C. Hutchinson, Appellants.

*Appeals—Practice, Superior Court—Independent and collateral matters improperly combined in one appeal.*

It is error to combine in one appeal independent and collateral proceedings in which only two of several appellants are concerned, and an assignment of error and appeal so far as relating thereto will be dismissed.

*Appeals—Practice, Superior Court—Defective assignments—Omission to except to charge, etc.*

Assignments alleging error in the instructions of the court below will not be considered when no exceptions were taken to the charge or request made to have it filed before verdict rendered and the trial judge refuses to certify to the stenographer's notes.

*Appeals—Refusal of insolvent's discharge—Discretion of court—Record.*

Where the dismissal of a petition, for the discharge of an insolvent, is assigned for error on appeal and no exception was taken to the order, and the original petition and schedules are not printed, the appellate court is unable to say whether objections thereto are well founded. If the petition was dismissed because, in the judgment of the court, the evidence given on the hearing showed that the petitioners were not entitled to be discharged, the decision of the court below is conclusive and not reviewable by the appellate court; the evidence given on the hearing does not come up with the record.

*Execution—Capias ad satisfaciendum—Practice, C. P.*

It is too late to question the legality of an arrest upon ca. sa. when the motion is not made until after the return of the writ and discharge of defendant upon bond given for appearance and not until, after hearing, his petition for discharge had been refused.

*Bail bond—Failure of obligor to surrender himself.*

On the refusal of the court to discharge a petitioner as an insolvent, it becomes his duty to surrender himself to prison in discharge of his bail without any order of the court for that purpose. A mere report that the

jailer will not receive him without a commitment is not excuse for not complying literally with the condition of the bond.

Argued Oct. 6, 1898. Appeal, No. 79, Oct. T., 1898, by defendants, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1894, No. 337, on verdict for plaintiff. Before Rice, P. J., Reeder, Orlady, Smith, W. W. Porter and W. D. Porter, JJ. Affirmed.

Trespass. Before McMichael, J.

It appears from the record and evidence that this action of trespass was brought against Michael J. Quinn and John M. Quinn, trading as Michael J. Quinn & Son, to recover damages for personal injuries to plaintiff caused by the alleged negligent driving of defendants' servant. There was some evidence tending to show that the trespass for which suit was brought was committed by defendants' agent with wilfulness. There was also some evidence tending to show that John M. Quinn at the time of the trespass for which the suit was brought was less than twenty years of age. The jury rendered a verdict for plaintiff and judgment was entered thereon. Writs of fi. fa. and ca. sa. were issued simultaneously. The defendants filed petitions for their discharge under the insolvent laws and gave bond. After hearing, the court dismissed the petition of the defendants for discharge as insolvent debtors. After dismissal of the petitions counsel for defendants in ease of their bond brought defendants to the bar of the court and offered to surrender them into the custody of the court, asking for some formal order which they might show to the keeper of the county jail as authority for the keeping of the said defendants. This order was refused. Rules were then taken to quash the ca. sa. as to Michael J. Quinn and as to John M. Quinn and suit having been brought on the insolvent bond and an affidavit of defense having been filed, the rule for judgment for want of a sufficient affidavit having been entered, these rules were heard together. The court, after argument, discharged the rule to quash the ca. sa. and made absolute the rule for judgment against the defendants in the action of trespass and Joseph C. Hutchinson as surety. All three defendants appealed.

It appears from the stenographer's certificate that no exceptions were taken to the charge of the court, and no request

was made by counsel to have transcript of the testimony or the charge filed at the time of the trial. The trial judge declined to certify the transcript.

Verdict and judgment for plaintiff for $500. Defendants appealed.

*Errors assigned* were (1) in charging the jury as follows : " Did Buffler say what the plaintiff said he did?—because if you believe that, it would be evidence that the man Buffler wilfully drove over the colored man who was there, where he seemed to have right to be. If you do not believe that was so, what happened may be susceptible to two constructions, one of which is that the driver was guilty of carelessness, and the other, that he was not . . . . If he drove carelessly, your verdict should be for the plaintiff. But if he drove as a careful driver should drive, your verdict should be for the defendant. You have got to consider whether Buffler said, 'Look out, bogie, or I'll run over you,' in deciding whether or not the driver was careful under the circumstances. You have got to decide first whether the driver drove wilfully over the plaintiff or whether he did it carelessly." (2) In charging the jury as follows : " The question may arise, however, about the responsibility of John M. Quinn, if your verdict shall be for the plaintiff. There has been no special request for me to charge on that, and I therefore direct you, if you find a verdict against the defendant, to find a verdict against both defendants." (3) In making the following decree : " And now, April 4, 1898, the petition and petitions of Michael J. Quinn and John M. Quinn for discharge as insolvent debtors are dismissed by the court." (4) In discharging the rule to quash the ca. sa. (5) In making the rule against Hutchinson for judgment for want of a sufficient affidavit of defense, absolute.

*S. G. Birney* and *Francis G. Taylor*, for appellants.—If the tort was committed with wilfulness the servant alone is responsible, and the master is not responsible for the servant's act : DeCamp v. Railroad Co., 12 Iowa, 348 ; Railroad Co. v. Downey, 18 Ill. 259 ; Vanderbilt v. Richmond Turnpike, 2 N. Y. 479 ; Wright v. Wilcox, 19 Wend. 343 ; Wood v. Railway Co., 52 Mich. 402.

The direction of the court that if a verdict be found for the plaintiff it must be against both defendants was clearly an error. The defense is infancy and the infant need not raise that defense, in actions in which no affidavit of defense is required and indeed he would have no opportunity to do so before the trial; that an infant while an infant cannot be liable as a partner is well settled and needs no authority to support it.

The evidence at the hearing of the petition of defendants for discharge in insolvency shows no fraud on the part of Michael J. Quinn. The ca. sa. should have been quashed. A plaintiff cannot have execution levied on both body and goods of the defendant at the same time: Stamper v. Hodson, 8 Mod. 302. See also Young v. Taylor, 2 Binney, 217; Mason v. Benson, 9 Watts, 287.

The court having refused the commitment the bondsman is discharged: Saunders v. Quigg, 112 Pa. 546; Keim v. Saunders, 120 Pa. 121.

*Bradbury Bedell,* for appellee.—The first and second assignments of error under this joint appeal relate to alleged error in the original action of trespass to which appellant, Joseph C. Hutchinson, is a stranger. These assignments require no considerations, as no exceptions were taken in the court below, and neither the charge nor the testimony is before this court: Hill v. Egan, 160 Pa. 119; Harris v. Traction Co., 180 Pa. 184.

The third assignment of error should be also quashed as there was a joint petition, whereas each applicant should have filed a separate petition: Ingraham on Insolvency, 55.

The petition contained no statement of losses as required by the act of assembly: Baker's Case, 1 Binn. 462.

The insolvency petition having been dismissed and the alleged insolvents not having surrendered to jail, suit was brought on the bond and judgment entered against the petitioners for want of an affidavit of defense. The surety, Hutchinson, was the only one who defended. To have saved the bond, the petitioners were bound to have surrendered to the county jail on the day the petition was dismissed. An earlier or a subsequent surrender would not save the bond: Frick v. Kitchen, 4 W. & S. 30; Palethorp v. Lesher, 2 R. 272; Deitweiler v. Casselberry, 5 W. & S. 179; Gallagher v. Kennedy, 2 R. 163; Kelley v.

Stepney, 4 Watts, 69; Potts v. Fitch, 2 Pa. 173; Wolfram v. Strickhouser, 1 W. & S. 379.

It was defendants' duty to point out the property sufficient to answer the fi. fa. if he wished to avoid arrest under the ca. sa.: Winder v. Smith, 6 W. & S. 424.

If the appellants considered that the two writs were being executed at the same time, it was their privilege to have compelled plaintiff to elect, if they desired so to do: Plough Co. v. Lloyd, 2 W. N. C. 488.

These questions were long since decided by the Supreme Court in the case of Winder v. Smith, 6 W. & S. 424. The same principle is also decided in the case of Johnston v. Coleman, 8 W. & S. 69. See also Com. v. Stambaugh, 164 Pa. 437.

The insolvents had the option of surrendering their bodies to the county jail, or of forfeiting their bond: McDonough's Case, 37 Pa. 275.

It is unnecessary to discuss the cases cited by appellants under the Act of April 13, 1807, 4 Sm. L. 476, which did not permit the issuance of a ca. sa. if there was property. The Act of June 16, 1836, P. L. 755, sec. 31, does permit it.

OPINION BY RICE, P. J., January 18, 1899:

This is an attempt to bring up for review on one appeal the records in three separate proceedings, in each of which a final judgment has been entered. The first is a judgment on a verdict in an action of trespass against Michael J. Quinn and John M. Quinn. They complain of certain instructions given to the jury on the trial of the case, but as no exception was taken to the charge, or request made to have it filed, before verdict rendered, and as the trial judge has declined to certify the transcript of the stenographer's notes, these assignments of error could not be considered even if the appeal from the judgment were regular: Curtis v. Winston, 186 Pa. 492. In the same proceeding one of the defendants complains of the refusal of the court to quash the ca. sa. issued simultaneously with a fi. fa. upon the judgment. But as his motion was not made until after the writ had been returned and the defendant had been discharged upon his giving bond to appear and apply for his final discharge under the insolvent laws, and not until after a hearing had been had on his petition and it had been refused; nor until

after the bond given in that proceeding had become forfeited, and suit had been brought upon it, it was then too late for him, or his surety to question the legality of the arrest upon the ca. sa. upon the grounds set forth in his affidavit: Winder v. Smith, 6 W. & S. 424; Johnston v. Coleman, 8 W. & S. 69.

The second proceeding attempted to be brought up for rehearing grows out of the joint petition of the two Quinns for discharge under the insolvent laws, and the error assigned is the dismissal of their petition. No exception was taken to this order, and the original petition and schedules have not been printed, so that we are unable to say whether or not the plaintiff's objections thereto, and to the regularity of the proceedings are well founded. If the petition was dismissed because in the judgment of the court the evidence given on the hearing showed that the petitioners were not entitled to be discharged, the decision is conclusive and not reviewable here; the evidence given on the hearing does not come up with the record: Owen's Appeal, 140 Pa. 565.

The third proceeding referred to was an action upon the insolvency bond in which judgment by default was entered against the two Quinns and judgment for want of a sufficient affidavit of defense was entered against Hutchinson, their surety. As we have already suggested he is not in a position to assail the legality of the arrest under the ca. sa., and none of the other reasons assigned to prevent judgment requires particular notice except that which relates to the breach of the condition of the bond. The condition of the bond was that if the petitioners failed in obtaining their discharge as insolvent debtors they would surrender themselves to the jail of the county. They did not obtain their discharge, and instead of surrendering themselves to the county jail they appeared at the bar of the court, and through their counsel made application for an order to commit them, which order the court refused to make. This was not a compliance with the condition of the bond. They had not undertaken to obtain an order of court for their commitment, nor was their obligation to surrender themselves conditioned upon such an order being made. Nor was it essential to the exercise of their right of surrender: Marks v. Drovers' National Bank, 114 Pa. 490. On the refusal of the court to discharge the petitioner it is his duty to surrender himself to prison

in discharge of his bail, "and this without any order of court for that purpose:" Heilner v. Bast, 1 P. & W. 267. "The practice," said Mr. Justice BLACK, "which prevails at some places, of noting on the record, that the debtor has appeared and expressed his willingness to surrender himself in discharge of his surety, may be a convenient one, and therefore ought to be encouraged, but the law does not make it necessary; such a record, not followed by an actual and voluntary surrender would leave the bond in full force, and a surrender, though not recorded, would be a perfect performance of the condition:" Mullen v. Wallace, 2 Grant's Cases, 389. If the jailer will not receive him when he offers to surrender himself in good faith, he is not in default: Saunders v. Quigg, 112 Pa. 546. But he cannot set up a mere report, coming from no authorized source, that the keeper of the jail would not receive him without a commitment, as an excuse for not complying literally with the condition of his bond.

It will be observed that Hutchinson was not a party to the record in the first two proceedings referred to, and had no interest in common with the other parties thereto. It was error to combine in one appeal these independent and collateral proceedings in which only two of the appellants are concerned with the judgment on the bond in which the three appellants are defendants. So far as the appeal and the assignments of error relate to the former proceedings, the motion to dismiss must prevail. We are not prepared to say that it was error to take out a joint appeal in the name of all the defendants from the judgment on the bond  See Fotterall v. Floyd, 6 S. & R. 315.

The first four assignments of error, and the appeal, so far as it relates to the judgment in the action of trespass and the proceedings on the petition for discharge under the insolvent laws are dismissed.

The fifth assignment of error is overruled and the judgment in the action on the bond is affirmed.