# McCosh *v.* Myers, Appellant.

*Trial—Charge of court—Review.*

A trial judge cannot be convicted of inadequacy or partiality in his charge, when he gives a general review of the evidence on the one side and the other which fairly and adequately presents the respective contentions of the parties, with enough reference to the items of evidence to assist the jury in recalling it as a substantial whole, and to appreciate its bearing. Slight inaccuracies in the recital of testimony are no grounds for reversal, especially where the judge's attention is not called to them at the time they were made, or at the conclusion of the charge.

*Appeals—Quashing appeal—One appeal from several cases.*

Where three separate and distinct cases are tried in the common pleas at one time and before the same jury, but with no consolidation of the action, the records in the three cases cannot be brought up for review by a single appeal and writ. If this is attempted the appeal will be quashed.

Argued March 14, 1904. Appeal, No. 6, March T., 1904, by defendant, from judgment of C. P. Adams Co., Jan. T., 1904, Nos. 1, 2 and 3, on verdict for plaintiff in case of Margaret McCosh v. Willis A. Myers. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Appeals from justice of the peace.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were various instructions, and that the charge was inadequate and unfair.

*William McClean,* with him *William Arch. McClean,* for appellant.

*W. C. Sheely,* with him *John D. Keith,* for appellee.

OPINION BY RICE, P. J., April 18, 1904:

All of the thirty-eight assignments of error relate to the charge. We have fully examined and considered all of them in the light of the evidence and the charge as a whole, and,

notwithstanding the very earnest argument of appellant's counsel, are unconvinced that there is any error in the charge for which the judgments or either of them should be reversed and the parties put to the expense of a retrial. We are wholly unable to agree with the appellant's counsel that the charge was inadequate, partial or in any sense of the term one-sided. The court gave a general review of the evidence on the one side and the other which fairly and adequately presented the respective contentions of the parties with enough reference to the items of evidence to assist the jury in recalling it as a substantial whole, and to appreciate its bearing. More was not required, especially as no points were submitted by the defendant. There are, it is true, a few slight inaccuracies in the recital of the testimony, but none, as it seems to us in stating the evidence upon pivotal questions of fact, or of a substantial and misleading nature. To all of the assignments of error which relate to these matters, certainly to all of them framed in accordance with our rules, the remarks of Justice DEAN seem applicable. " They relate for the most part to alleged verbal inaccuracies of the court in repeating the testimony of witnesses. Of course, in referring to testimony, the court should give correctly the substance of it, and caution the jury who have heard it, as to their right in determining exactly what fell from the lips of the witness ; but the court is not bound to repeat it verbatim, nor is the charge, in the hurry of a common pleas trial, necessarily to be a polished essay on the law and the facts bearing on the issue. If this were so, the delay incident to jury trials would be a practical denial of justice to suitors. If the alleged mistakes in narrating the facts were of the gravity now alleged by appellant, the counsel ought to have called the attention of the court to them immediately after the charge. As he did not do so, it is fair to presume they appeared to him as of as little consequence then as they seem to us now : " Krepps v. Carlisle, 157 Pa. 358. There is no general unbending rule which requires counsel to interrupt the court to correct every misstatement of law or fact which they may conceive is being made, and such duty will not be imposed in the case of a manifestly one-sided charge, nor, ordinarily, in the case of the misstatement of pivotal facts, nor when it is not reasonably cer-

tain that a correction of the mistake would undo the injury ; but there are cases, like the case at bar, when it may fairly be said to be the duty of counsel to call the attention of the court, at the conclusion of its charge, to an evident mistake in a statement of fact, if such misstatement is to be relied on as error : Commonwealth v. Kay, 14 Pa. Superior Ct. 376, at p. 391. See also Taylor v. Burrell, 7 Pa. Superior Ct. 461 ; Provident Life and Trust Company v. Philadelphia, 202 Pa. 78, and cases there cited.

Without discussing the assignments more in detail, we turn to the question of practice which upon the argument of the case we called to the attention of appellant's counsel. The plaintiff brought three suits before a justice of the peace against the defendant; the first for borrowed money, the second on a promissory note dated in March, 1899, with a waiver of "all valuation, appraisement, stay and exemption laws," and the third on a promissory note dated in January, 1898, with similar waiver. Appeals were taken to the common pleas, where a statement and plea were filed in each case, and separate verdicts and judgments in the plaintiff's favor were entered. There was no consolidation of the actions, but it was contended at bar by the learned counsel for defendant that as the three cases were tried at one time before the same jury the records in the three cases could be brought up for review by a single appeal and writ. Even in the absence of any authoritative decision of the question we would regard this position as untenable ; but the point has been decided contrary to the contention of the appellant's counsel in at least two reported cases. In Hollohan v. McLean, 1 W. N. C. 262, where the plaintiff in error sued out one writ to bring up judgments in twenty different actions between the same parties, in which a consolidated affidavit of defense had been filed in the court below, the Supreme Court granted a rule to show cause and upon hearing of the same quashed the writ. In Cauley v. Pittsburg, Cincinnati & St. Louis Railway Co., 95 Pa. 398, the court quashed the writ of its own motion. Perhaps the appellant in the present case might have elected to have the appeal confined to one of the cases and dismissed as to the other, but as no such election was made the appeal will be quashed,

Appeal quashed,