## Commonwealth *v.* Pilnik, Appellant (No. 1).

*Appeals—Criminal law—Separate judgments.*

If one appeal is taken from two judgments of conviction on two indictments charging separate and distinct offenses, and no election is made to have the appeal confined to one of the cases, the appeal will be quashed.

*Appeals—Paper-books—Omission of docket entries.*

Omission to print docket entries in the paper-book of the appellant, is a serious disregard of the rule of court.

Argued Oct. 3, 1905. Appeal, No. 159, Oct. T., 1905, by Barnet Pilnik, from judgment of Q. S. Phila. Co., Dec. T., 1902, No. 162 and Jan. T., 1905, No. 532, on plea of guilty in case of Commonwealth v. Barnet Pilnik. Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Indictment for keeping a disorderly house.

*Error assigned* was in sentencing the defendant to the penitentiary.

*Wm. F. Berkowitz*, with him *Ellis S. Abrams*, for appellants.

*Joseph H. Taulane*, assistant district attorney, with him *John C. Bell*, district attorney, for appellee.

PER CURIAM, October 23, 1905:

On February 9, 1905, the defendant withdrew his pleas of not guilty to two indictments, one found at December Term, 1902, No. 162, and the other found at February Term 1905, No. 134, and pleaded guilty. On the following day the court sentenced the defendant upon both indictments to terms of imprisonment in the eastern penitentiary, the term of imprisonment in the second case to begin after the expiration of the term of the sentence in the first case. The indictments charged separate and distinct offenses, and the judgments, although rendered at the same time, are likewise separate and distinct.

The commonwealth's counsel contend that for this reason, as well as for the reason that copies of the docket entries are not printed in the appellant's paper-book, the appeal should be quashed. The second objection is meritorious, and we are not to be understood as holding that the rule with regard to printing the docket entries can be safely disregarded. It was especially important in this case that they should be set forth. However, the commonwealth's counsel have to some extent supplied the omission in their paper-book, and therefore we shall consider only the first reason assigned for quashing the appeal, viz.: that it is an attempt to bring up for review by one appeal, two separate and distinct judgments.

It is well settled by the decisions of the Supreme Court, as well as of our own court, that the motion to quash for this reason must prevail, in the absence of an election to have the appeal confined to one of the cases, and dismissed as to the other : Hollohan v. McLean, 1 W. N. C. 262 ; Cauley v. Pittsburg, Cincinnati & St. Louis Ry. Co., 95 Pa. 398 ; McCosh v. Myers, 25 Pa. Superior Ct. 61.

The appeal is quashed.