# Warner *v.* Lehigh Valley Railroad Company, Appellant.

*Appeals—Quashing appeals—Certificate of trial judge as to evidence.*
Where a trial judge approves the transcript of the charge but does not sign and attach to the transcript of the evidence the certificate in the form prescribed by Rule VI or sec. 4 of the Act of May 1, 1907, P. L. 135, and the evidence is not brought on the record by a common-law bill of exceptions in the established form, the appeal will be quashed; and it is immaterial as an excuse that the trial judge died before the case was called for argument in the appellate court, if it appears that a rule for a new trial and a motion for judgment non obstante were argued before him several months before his death.

Argued March 1, 1909. Appeal, No. 59, April T., 1905, by defendant, from judgment on verdict for plaintiff in case of Catherine F. Warner v. Lehigh Valley Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Motion to quash appeal.

*James W. Piatt,* with him *George P. Little,* for appellant.

*Edson W. Safford,* with him *W. D. B. Ainey,* for appellee.

PER CURIAM, April 19, 1909:

The only matters assigned for error are the refusal of the defendant's point for binding instruction, and the refusal of its motion for judgment non obstante veredicto. It was absolutely essential to the determination of the questions sought to be raised by these assignments that the evidence be brought upon the record. While the stenographer transcribed both the charge and the notes of testimony, and certified to them, and the learned trial judge approved the transcript of the charge and ordered it to be filed, he did not sign and attach to the transcript of the evidence a certificate in the form prescribed by rule VI or sec.

4 of the Act of May 1, 1907, P. L. 135; nor was the evidence brought on the record by a common-law bill of exceptions in the established form. This ordinarily would be fatal to the appeal, or at least to the right of the appellant to have the appellate court consider the assignments of error in question. Nor, if the death of the trial judge had prevented his sealing of the bill of exceptions allowed at the trial, or its equivalent, the approval and certification of the stenographer's transcript, would the necessity of bringing the evidence on the record be obviated. Prior to our stenographer's acts there was a mode recognized in Pennsylvania of obtaining the signing and sealing of a bill of exceptions in such a case, McCandless v. McWha, 20 Pa. 183, and we doubt not that it is available notwithstanding later legislation. Moreover, the verdict was rendered April 20, 1907; the transcript of the evidence was certified by the stenographer on May 18, and filed on May 25; the rule for new trial and motion for judgment non obstante were argued before the trial judge in the latter part of July; and his death did not occur until November. The appellee's contention that in view of these facts it cannot be said that his death prevented the obtaining of the certificate seems to us unanswerable. It follows that the judgment must be affirmed or the motion to quash must prevail: Yoast v. Beatty, 12 Pa. Superior Ct. 219, and cases there cited.

We add that we have examined the evidence printed in the appellant's paper-book as if it were properly certified, and conclude that it warranted the court in submitting to the jury the questions of the defendant's negligence, of proximate cause and of the plaintiff's contributory negligence, and that this was done in a clear, adequate, painstaking and impartial charge, of which the defendant has no just cause to complain. Hence, no injustice will result from quashing the appeal for reasons above stated, even if they be regarded as technical. But they are scarcely to be regarded as technical.

The plaintiff's motion is allowed and the appeal is quashed.