# Heller *v.* Bercaw.

*Appeals—Quashing appeals—Suit against county—Intervention by county controller—Mandamus.*

Where a public contractor sues a county and the county controller appears at the trial, interposes a technical objection, but disavows imputation of fraud and offers no evidence, and the plaintiff recovers a verdict upon which judgment is entered, and thereafter files a suggestion in the case for a peremptory mandamus on the controller, who petitions to intervene as county controller and taxpayer, a single appeal from the order refusing intervention and from the order awarding mandamus, is improper, and will be quashed.

In such a case even if the appeal should be heard on the merits, the appellate court would affirm the orders made, inasmuch as the controller had an opportunity at the trial to contest the defendant's claim, and he could not be heard afterwards to attack the judgment which had not been appealed from by the county commissioners.

Argued Dec. 7, 1915. Appeal, No. 175, Oct. T., 1915, by George F. P. Young, County Controller, from order of C. P. Northampton Co., July T., 1914, No. 17, denying intervention and awarding mandamus in case of George E. Heller v. Charles Bercaw, Milton Weller and William Casey, Commissioners of Northampton County.

Statement of Facts—Opinion of the Court. [62 Pa. Superior Ct.

Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.   Appeal quashed.

Appeal from judgment of justice of the peace.   Before STAPLES, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were (1) denying the petition of George F. P. Young for intervention, and (2) in awarding peremptory mandamus against Young as controller.

*George R. Booth,* for appellant.—The act of the county controller in approving contracts is a deliberative and discretionary duty and a peremptory writ of mandamus never issues to control the judgment of a public officer where he is placed in a position that he must exercise a choice between two courses: Boggs v. Monongahela City, 22 Pa. C. C. R. 640; Kell v. Rudy, 1 Pa. Superior Ct. 507; Moore v. Neil, 233 Pa. 408.

The county controller should have been allowed to intervene on behalf of the county: Schnable v. Rhoads, 2 Berks County Law Journ. 216; Riley v. Prudential Ins. Co., 12 Pa. Superior Ct. 561; Good Roads Co. v. Old Lycoming Twp., 25 Pa. Superior Ct. 156.

*Asher Seip,* for appellee.—The judgment is conclusive as to fraud: Otterson v. Middleton, 102 Pa. 78; Hoffman v. Coster, 2 Whart. 453.

The peremptory mandamus was properly awarded: Com ex rel. v. Philadelphia, 176 Pa. 588.

The court below properly denied the petition of the county controller to intervene on behalf of the county: Black v. Pittsburgh, 230 Pa. 312; Butler's App., 73 Pa. 448.

OPINION BY HENDERSON, J., March 1, 1916:

In the course of the enlargement of the court house

of Northampton County it was found necessary to re-
lay a part of the floor in the second story of the old build-
ing and the architect reported this condition to the
county commissioners.  The plaintiff submitted a bid to
replace the old floor with a new one corresponding with
the floor of the new addition for $93.80.   At a later time
the architect recommended a renewal of a part of the
floor in the third story of the old building and the plain-
tiff submitted a bid to do that work for $75.00.   These
bids were examined and approved by the architect who
considered the prices to be reasonable.   At a meeting on
February 7, 1914, the commissioners awarded the con-
tract to put the new floor in the second story to the
plaintiff for $93 and at the same meeting the plaintiff's
bid to construct the new floor in the third story for $75
was accepted.   The work was done by the contractor
and accepted by the commissioners.   When the plain-
tiff's bill was presented to the county controller he re-
fused to certify the same to the county commissioners
and thereupon after demand for payment of the claim
an action was brought before a justice of the peace and
judgment obtained for the amount due.   An appeal was
taken from that judgment to the Court of Common Pleas
and a trial had at which the controller was present, and
took some part.   The commissioners made no defense
to the claim but the controller, who is a member of the
bar, raised the objection that the fact that the two con-
tracts were let the same day was a suspicious circum-
stance, but he disavowed any imputation of fraud.   The
ground of his objection seems to have been that there
should have been but one contract and as that would
have amounted to more than $100 it could only be
awarded to the lowest and best bidder after due notice
to be published by the controller when directed by the
commissioners as provided by the 10th Section of the
Act of June 27, 1895, P. L. 403.   There being no offer
of evidence, however, to defeat the plaintiff's claim the
court directed the jury to find a verdict for the plaintiff

and the verdict was accordingly rendered for the plaintiff October 22, 1914. The jury fee was paid May 21, 1915, and a judgment entered on the verdict. The same day a suggestion was filed for a peremptory mandamus on the controller to audit and approve the claim of the plaintiff as recovered in the action referred to and to countersign the warrant drawn on the county treasurer by the county commissioners. On the same day Mr. Young, the controller, presented a petition to the court, as county controller and a taxpayer, for leave to intervene in the plaintiff's case and make a defense on behalf of the county. The latter application was refused in an opinion filed June 7, 1915, and the same day an order was entered awarding a peremptory mandamus on the controller as prayed for. To the order of court refusing permission to intervene and to the judgment in the mandamus case the appellant excepted and took the pending appeal. There are two assignments of error: the first, to the refusal of the court to permit the appellant to intervene in the action brought by the appellant; the second is based on the decree of the court in the mandamus proceeding. We have, then, two proceedings with separate definitive decrees and one appeal. The plaintiff's action against the county was terminated by the entry of judgment. The county commissioners declined to appeal from that judgment. The court refused to permit the appellant to intervene. The only error alleged as to that case is the order denying this petition of the appellant. The application for a mandamus is a statutory proceeding directed against the appellant as a public officer and is of a different nature from that which led to the plaintiff's judgment. The decree made in that case is a judgment at law from which an appeal lies. The proceeding was begun by the petition and terminated in the decree awarding the writ. There should have been separate appeals: Cauley v. Pittsburgh, Etc., Ry. Co., 95 Pa. 398; Stout v. Quinn, 9 Pa. Superior Ct. 179; Pottsville Bank v. Cake, 12 Pa. Su-

perior Ct. 61; McCosh v. Myers, 25 Pa. Superior Ct. 61. There was no offer to elect to proceed with the appeal as applied to one of the cases and as the record stands the appeal should be quashed.

The same result would be reached on a consideration of the merits of the assignments. We need not determine the question whether the appellant, as controller. is within the terms of the Act of 1877, which provides for intervention by a taxpayer. Whether taxpayer or controller he was present at the trial of the plaintiff's cause and expressly disclaimed any allegation of fraud or unfairness on the part of the plaintiff or the county commissioners. There was no suggestion that the work done was not properly done and at a fair and just price. As a participant at the trial the appellant had notice of all that was involved in the case presented by the plaintiff, and an opportunity to introduce any defense of fact or law which might have been presented. Where there is an allegation of fraud or mistake of law by the court in the original judgment and the party has already been heard or had an opportunity to be heard in that proceeding he is not entitled to a retrial of the facts and law already disposed of. In the case before us the court decided the question raised by the controller as a matter of law. Seven months after the verdict he came in with a petition asking leave to intervene without a suggestion that any different state of facts existed from that developed at the trial nor is it pretended that there is any other feature of the case to which objection could be taken than the question of law on the undisputed evidence which was before the court and decided at the trial. Under such circumstances the refusal of the petition was not erroneous.

In the mandamus proceeding all of the relevant facts were presented in the suggestion and were merely a restatement of those developed at the trial on the plaintiff's account. There was a final judgment in that action unappealed from and unassailable unless there was

some technical merit in the question raised by the controller at the trial, but the trial judge disposed of this properly, as we think, during the progress of the trial. There was, therefore, no pending competent proceeding impeaching the validity of the judgment nor anything to sustain the appellant's refusal to pass the account.    The case was within the terms of the Act of June 8, 1893, which permits the issuing of a peremptory mandamus forthwith when the right to require a performance of the act is clear and it is apparent that no valid excuse can be given for not performing it.

The appeal is quashed.